## 68774. DEVEREAUX v. CITIZENS & SOUTHERN NATIONAL BANK et al.

### (322 SE2d 310)

BANKE, Presiding Judge.

Dorothy Jean Devereaux appeals a judgment entered in her favor based on a settlement agreement she purportedly reached with the appellee-defendants. The suit is based on the alleged wrongful repossession and subsequent sale of the plaintiff's automobile. During a pre-trial conference, Ms. Devereaux's attorney verbally offered to settle the case for $5,000, and he mailed a letter to the defendants the following day confirming this offer. The defendants accepted the offer in writing two days later. However, counsel for the plaintiff asserts, and has stated in his place, that after he mailed the offer but prior to the defendants' acceptance, he informed them, through their attorneys, that the plaintiff had withdrawn his authority to settle for $5,000. The trial court treated the issue as a non-jury matter and ruled that plaintiff's counsel had full authority to make the settlement offer. Consequently, the court entered judgment based on the purported settlement. *Held*:

An attorney has apparent authority to enter into a settlement agreement on behalf of a client; and the client will be bound by such agreement, even in the absence of express authority, where the opposite party is unaware of any limitation on the attorney's authority. See *Brumbelow v. Northern &c. Co.*, 251 Ga. 674 (308 SE2d 544) (1983); *Lennon v. Aeck Assoc.*, 157 Ga. App. 294 (4) (277 SE2d 289) (1981). See also Glazer v. J. C. Bradford & Co., 616 F2d 167 (5th Cir. 1980). In the instant case, the issue of whether the defendants were apprised prior to their acceptance of the settlement offer that plaintiff was no longer willing to settle the case for $5,000 was a factual question to be resolved by a jury. Accordingly, the trial court erred in ordering that the settlement agreement be enforced.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 6, 1984.

*Barry L. Zimmerman*, for appellant.
*Robert W. Maddox, Richard K. Hines, Taylor Tapley Daly*, for appellees.