72818. RODEBAUGH v. ROBBINS.
(349 SE2d 195)

BANKE, Chief Judge.

The appellant, as grantor of an irrevocable trust, brought this ac-

tion against the appellee, the trustee, seeking the cancellation of the trust and the return of its assets to him. The trial court granted a motion by the appellee to enforce an alleged settlement agreement between the parties and entered judgment on this basis. This appeal followed. *Held*:

"Under Georgia law, an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. [Cits.] This authority is determined by the contract between the attorney and the client and by instructions given the attorney by the client, and in the absence of express restrictions the authority may be considered plenary by the court and opposing parties. [Cits.] The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. [Cits.] Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2) (308 SE2d 544) (1983).

In granting the appellee's motion to enforce the settlement agreement, the trial court determined as a matter of law that appellant's attorney had communicated no restrictions on his authority to settle and consequently that any agreement the appellee reached with him was binding on the appellant. However, the evidence before the court indicated that settlement negotiations were still pending. Although the appellee's attorney stated that his modified proposal had been accepted by appellant's attorney, the appellant's attorney testified that, although it looked satisfactory to him, he had informed appellee's counsel that he intended to present it to his client for approval. Consequently, it does not appear as a matter of law that a settlement was actually reached, and it follows that the trial court erred in granting the motion to enforce the alleged agreement. Accord *Devereaux v. C & S Nat. Bank*, 172 Ga. App. 53 (322 SE2d 310) (1984).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 2, 1986 —
REHEARING DENIED SEPTEMBER 18, 1986

*Taylor W. Jones, Kathleen V. Duffield, James W. Friedewald,* for appellant.
*John C. Mayoue, Stanley J. Kakol, Jr.,* for appellee.