A11A1967. BROOKS et al. v. IRONSTONE BANK.
(726 SE2d 419)

ANDREWS, Judge.

After Ironstone Bank (the Bank) filed a petition for foreclosure confirmation on two pieces of property, the Bank, the guarantors and the borrowers took part in settlement negotiations and, according to the Bank, reached a final settlement agreement. The guarantors and borrowers (collectively "Brooks") disputed this, but the court granted the Bank's petition to enforce the settlement agreement. After reviewing the record, we conclude there were issues of fact as to the existence of a finalized settlement that was agreed to by both parties, and reverse.

This case arose when the Bank filed a "Report of Sale and Petition for Confirmation" after selling two pieces of foreclosed property in Cherokee County. Lonestar Holding Company was the borrower on the first property and a guarantor on the second property. Pillar Development was the borrower on the second prop-

erty and a guarantor on the first property. John Sutton and J. D. Brooks were guarantors on both pieces of property.

The loans went into default and the Bank foreclosed. The properties sold for approximately $7 million, leaving a deficiency of approximately $3 million.

The parties began negotiating a settlement agreement and, according to the Bank, reached a final agreement on August 19, 2010. On August 30, 2010, Brooks raised the issue of an indemnification provision which had been requested by Brooks previously and which the Bank had refused. After efforts to resolve the issue failed, Brooks announced on December 8, 2010 that he would not sign the settlement agreement. The Bank filed a petition to enforce the settlement agreement and, after hearing argument, the trial court granted the motion. This appeal followed.

> Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. This authority is determined by the contract between the attorney and the client and by instructions given the attorney by the client, and in the absence of express restrictions the authority may be considered plenary by the court and opposing parties. The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party.

*Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 674-675 (308 SE2d 544) (1983).

Here, the trial court held that there was no limitation on Brooks's counsel's authority, as expressed to Bank's counsel, at the time the agreement was reached. Therefore, Brooks's counsel's authority was plenary, and Brooks was bound by the agreement.

"Because the trial court decided this case on motion and not by bench trial, the issues raised in this appeal are analogous to those in a motion for summary judgment. Our review is de novo." (Punctuation omitted.) *Jones v. Frickey*, 274 Ga. App. 398, 400 (618 SE2d 29)

(2005). To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. The Bank argues that the "clearly erroneous" standard of review should apply. This is only true where the record reflects that the trial court heard live testimony and was called upon to act as the ultimate finder of fact. OCGA § 9-11-52. In this case, the court did not hear testimony, and the motion was decided on the written record, affidavits, and oral argument. See *Walls v. Walls*, 260 Ga. App. 673, 675 (580 SE2d 564) (2003) ("Because the trial court decided this case on motion and not by bench trial, the issues raised in this appeal are analogous to those in a motion for summary judgment. Our review is de novo."). See also *Greenwald v. Kersh*, 275 Ga. App. 724, 725, n. 3 (621 SE2d 465) (2005) ("We also conduct a de novo review of the factual basis for a trial court's ruling on a motion to enforce a settlement agreement if the parties rely on submission of affidavits and other evidence similar to that considered by a trial court in a ruling on motion for summary judgment."). Compare *Griffin v. Wallace*, 260 Ga. App. 857 (581 SE2d 375) (2003) (when the trial court hears testimony and is called upon to act as the finder of fact regarding a motion to enforce a settlement, the clearly erroneous standard is used); *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 317 (2) (489 SE2d 310) (1997) (following a nonjury trial on the motion to enforce the settlement, the trial court made findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a)).

On appeal, Brooks claims that the trial court erred in determining that a settlement agreement had been reached. The Bank contends that a settlement was reached during an August 19, 2010 telephone conversation.

The record shows that counsel for the Bank stated in his affidavit that he agreed to certain requests for changes proposed by Brooks's counsel, and, at that point, an agreement was reached. Bank's counsel further stated that he was not informed and was not aware of any restrictions on Brooks's counsel's authority to settle the case.

Brooks's counsel, Amy Haywood, submitted an affidavit stating that at the end of the August 19 phone call, she told Bank's counsel that she had no further comments on the agreement but had not had an opportunity to meet with Brooks and co-counsel. Therefore, she would have to "confirm that they had no further comments."

According to Haywood, Bank's counsel then sent an execution copy of the settlement agreement to her co-counsel, asking whether the agreement was final. Haywood responded, stating that she had not heard from Brooks. On September 27, 2010, Haywood e-mailed

Bank's counsel, stating:

> When you incorporated the changes I requested, I told you that as far as I knew this was final but that I had not had any contact with the client and had to confirm with John (co-counsel) that the client did not have additional comments. Unfortunately, the client did have additional comments. I am sorry for the frustration.

Bank's co-counsel e-mailed back: "Thanks for the reply. I didn't remember that. Where are we? Do you have the additional comments?"

Accordingly, whether Brooks's counsel communicated to Bank's counsel that she did not have authority to finalize the agreement during the telephone conversation on August 19 is a disputed issue of fact. Haywood states that she told Bank's counsel that she would have to confirm that her client did not have additional comments. Bank's counsel does not remember being told that Haywood would need to confer with her client before the agreement was final.

In *Rodebaugh v. Robbins*, 180 Ga. App. 338, 339 (349 SE2d 195) (1986), we held:

> In granting the appellee's motion to enforce the settlement agreement, the trial court determined as a matter of law that appellant's attorney had communicated no restrictions on his authority to settle and consequently that any agreement the appellee reached with him was binding on the appellant. However, the evidence before the court indicated that settlement negotiations were still pending. Although the appellee's attorney stated that his modified proposal had been accepted by appellant's attorney, the appellant's attorney testified that, although it looked satisfactory to him, he had informed appellee's counsel that he intended to present it to his client for approval. Consequently, it does not appear as a matter of law that a settlement was actually reached, and it follows that the trial court erred in granting the motion to enforce the alleged agreement.

Id. See also *Devereaux v. Citizens & Southern Nat. Bank*, 172 Ga. App. 53 (322 SE2d 310) (1984) (trial court erred in enforcing settlement agreement because the issue of whether the defendants were apprised prior to their acceptance of the settlement offer that plaintiff was no longer willing to settle the case for $5,000 was a factual question to be resolved by a jury); *City of Albany v. Freeney*, 313 Ga. App. 24 (720 SE2d 349) (2011) (question of fact as to

existence of settlement agreement).

Therefore, because there are issues of fact remaining, it follows that the trial court erred in granting the Bank's motion to enforce the settlement agreement.

*Judgment reversed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 2, 2012 —
RECONSIDERATION DENIED MARCH 19, 2012.

*Schreeder, Wheeler & Flint, John A. Christy, Robert H. Snyder, Jr.*, for appellants.

*Hewitt & Rogers, A. Kenneth Hewitt III*, for appellee.

*Thompson, O'Brien, Kemp & Nasuti, Aaron M. Kappler*, amicus curiae.