**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 20, 2015**

# In the Court of Appeals of Georgia

A14A1859. TILLMAN et al. v. MEJABI.                    DO-093

DOYLE, Presiding Judge.

John and Terry Tillman, plaintiffs in a personal injury suit arising from a car crash, appeal from an order granting defendant Funmilayo Mejabi's motion to enforce a settlement agreement. The Tillmans contend that the trial court erred because Mejabi's acceptance of their settlement demand contained additional terms not included in the plaintiffs' demand. For the reasons that follow, we affirm.

We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [a]ppellant[s']

case. Thus, we view the evidence in a light most favorable to the nonmoving party.[1]

The relevant record is undisputed and shows that on or around August 30, 2011, Mr. Tillman was allegedly involved in an automobile collision with Mejabi. He sought and received certain medical treatments, and on October 30, 2012, the Tillmans' attorney sent a letter to a claims representative for Progressive Mountain Insurance Company, Mejabi's automobile insurer. The letter listed various medical and mileage expenses incurred by Mr. Tillman and a loss of consortium claim[2] and stated as follows:

> This letter is an offer to compromise a disputed claim . . . We respectfully advise you that we represent [the Tillmans] in regard to the above-referenced matter. In this respect, Mr. Tillman was seriously injured in an automobile collision that . . . was caused by and the fault of Funmilayo Mejabi, who is or was an insured of [Progressive]. . . To date, the total amount of special damages is $70,425.69 . . . Based on the above information we, therefore, demand the policy limits of $25,000 *in full and final settlement of this matter*. This demand is extended until

---

[1] (Punctuation omitted.) *Johnson v. DeKalb County*, 314 Ga. App. 790, 791 (726 SE2d 102) (2012).

[2] The Tillmans' attorney identified the loss of consortium claim as *Mr.* Tillman's, but this appears to be a typographical error as *Mrs.* Tillman is the only party who could have asserted a loss of consortium claim under the facts of this case.

2

5:00 p.m. on Wednesday, November 28, 2012, at which time it will stand withdrawn.[3]

The letter makes no mention of a release, indemnification, or other terms commonly anticipated and discussed during settlements of this nature.[4]

Three days later, Progressive responded with a letter tendering a check for $25,000. The letter stated:

> In response to your letter dated October 30, 2012[,] for your client John Tillman, Progressive agrees to meet your demand of $25,000 for this client.

---

[3] (Emphasis supplied.)

[4] Appellants rely heavily on the fact that "nowhere in the demand letter did [they] agree to execute *any* form of a release document." However, this court has consistently held that it is implicit in an offer to settle that the plaintiff "promise[s] to execute some instrument terminating the controversy as to that settling defendant." *Herring v. Dunning*, 213 Ga. App. 695, 698 (446 SE2d 199) (1994) ("An implied contractual provision exists where such provision is necessary to effect the full purpose of the contract and is so clearly within the contemplation of the parties that they apparently deemed it unnecessary to state it.") In *Herring*, we held that because "plaintiff's written offer to settle her pending tort claim with the tortfeasor for the limits of the latter's automobile liability coverage necessarily contained her implied promise to execute some instrument terminating the controversy as to that settling defendant, such an offer [though silent as to the particular form by which she impliedly promised that she would terminate the controversy] is sufficiently definite to be capable of acceptance and so to create a mutually binding and enforceable contract."

Enclosed is a draft in the amount of $25,000 *in full and final settlement of your client's claim in the above-referenced matter*. Also enclosed is a Release for your client's signature. Please keep the settlement money in your trust account until the Release is signed and returned to this office.[5]

The attached release included a general release of all claims and agreements for the Plaintiff to pay and resolve all medical liens and indemnify the Releasees from any medical claims.

On January 14, 2013, counsel for the Tillmans returned the check and a copy of the release, explaining in a letter that his demand "did not say our client would sign [a general release] in regard to this matter. Your counter offer of $25,000 with a proposed General Release is rejected." And for the first time Tillmans' attorney informed Progressive that they would accept a Limited Liability Release and $25,000 for the client, Mr. Tillman. On January 22, 2013, without explanation, Progressive responded that it was "not in a position to provide a Limited Release to your client at this time."

In light of this impasse, the Tillmans sued Mejabi in April 2013, seeking damages from the car crash. Progressive defended Mejabi and moved to enforce the

_____

[5] (Emphasis supplied.)

4

settlement agreement. The trial court granted the motion, finding that the parties agreed to a payment of $25,000 to the Plaintiff in full and final settlement of the case, directed the "Plaintiff . . . to execute and return to Defendant's counsel a release of claims," and directed the clerk to "mark this action brought by John Tillman as settled and dismissed with prejudice. . . ." This appeal ensued.

The Tillmans argue that Progressive's response to their demand letter did not qualify as an acceptance because the release required their agreement to material terms other than those offered in the demand letter. We disagree.

We note at the outset that

well-established principles guide our inquiry into whether the parties entered into a settlement agreement. In order to prevent litigation, compromises of doubtful rights are upheld by general policy. At the same time, courts are certainly limited to those terms upon which the parties themselves have mutually agreed. Indeed, apart from such mutual agreement, no enforceable contract exists between the parties. And settlement agreements must meet the same requirements of formation and enforceability as other contracts. Thus, an answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. The offer must be accepted unequivocally and without variance of any sort. And if a purported acceptance of the plaintiff's settlement offer imposes any new conditions, it constitutes a counteroffer rather than an acceptance.

5

Furthermore, the party asserting the existence of a contract has the burden of proving its existence and its terms.[6]

Here, the Tillmans' offer listed John Tillman as the client, Mejabi as the insured, and August 30, 2011 as the date of the accident. The letter demanded "the policy limits of $25,000 in full and final settlement of this matter." Progressive agreed to these terms. As such there was a meeting of the minds on the essential terms irrespective of Progressive's inclusion of a general release with terms unacceptable to the Tillmans' attorney. "It is well settled that the mere inclusion of a release form unacceptable to the plaintiff does not alter the fact that a meeting of the minds had occurred with regard to the terms of settlement."[7] "[T]he presentation of a proper release in a form acceptable to plaintiff may have been a condition of defendant's performance but it was not an act necessary to acceptance of plaintiff's offer to settle

---

[6] (Punctuation omitted.) *Hansen v. Doan*, 320 Ga. App. 609, 611-612 (740 SE2d 338) (2013).

[7] *Turner v. Williamson*, 321 Ga. App. 209, 213 (2) (738 SE2d 712) (2013), citing *Smith v. Hall*, 311 Ga. App. 99, 101-102 (714 SE2d 742) (2011); *Baldwin v. Adams*, 306 Ga. App. 104, 105 (701 SE2d 577) (2010); *Mealer v. Kennedy*, 290 Ga. App. 432, 436-437 (659 SE2d 809) (2008); *Herring*, 213 Ga. App. at 699. *Newton v. Ragland,* 325 Ga. App. 371 (750 SE2d 768)(2013)

6

for the policy limits."[8] The trial court properly ordered John Tillman to execute a release of claims to accomplish the parties' agreement to a full and final settlement of the matter.

*Judgment affirmed. Miller and Dillard, JJ., concur*.

---

[8] *Newton v. Ragland*, 325 Ga. App. 371, 374 (1) (750 SE2d 768) (2013).