**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 25, 2016**

# In the Court of Appeals of Georgia

A15A2272. CONE v. DICKENSON.

PHIPPS, Presiding Judge.

Tameka Cone sued Xavier Dickenson for damages arising out of an automobile collision. The parties subsequently filed cross-motions to enforce a settlement agreement. The trial court granted Dickenson's motion and denied Cone's cross-motion. Cone now appeals. Because we find that a jury issue remains as to the terms of the settlement, we affirm the denial of Cone's motion to enforce and reverse the grant of Dickenson's motion.

"We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement."[1] To prevail on such a motion, "a party must show

---

[1] *DeRossett Enterprises v. GE Capital Corp.*, 275 Ga. App. 728 (621 SE2d 755) (2005).

the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the appellant's case."[2] "[T]he issues raised are analogous to those in a motion for summary judgment."[3] "[T]he opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion."[4]

Cone filed suit against Dickenson, alleging that his car negligently struck her vehicle, causing her severe physical injuries, as well as mental and emotional distress. Cone demanded judgment "in an undetermined amount greater than *$30,000.00*."

During the discovery period, the parties discussed settlement. Dickenson subsequently filed a motion to enforce a settlement agreement, alleging that counsel for the parties orally reached a settlement on November 6, 2014. According to Dickenson's motion and his attorney's supporting affidavit, Dickenson agreed to pay

---

[2] *Anderson v. Benton*, 295 Ga. App. 851, 852 (673 SE2d 338) (2009) (punctuation and footnote omitted).

[3] *Tillman v. Majabi*, 331 Ga. App. 415 (771 SE2d 110) (2015).

[4] *Clark v. Perino*, 235 Ga. App. 444, 447 (2) (509 SE2d 707) (1998) (citations and punctuation omitted).

Cone $25,000, for which Cone would execute a full general release and dismissal with prejudice. Dickenson's attorney testified that she sent Cone's attorney an email confirming the oral agreement that same day. Twelve days later, she also forwarded to opposing counsel a settlement draft, full general release, and dismissal with prejudice. Dickenson filed the motion to enforce after Cone refused to sign the full general release or execute the dismissal with prejudice and instead drafted and signed a limited liability release and brought her Uninsured Motorist ("UM") Carrier into the case.

Dickenson attached to the affidavit a copy of an email dated November 6, 2014, from his attorney to Cone's counsel with the subject line "Cone, T. vs. Dickenson, X. . . . Confirmation of Settlement." The email states:

> This shall confirm settlement of the above-referenced case for payment of my client's Twenty-five Thousand Dollar ($25,000.00) policy limit in exchange for execution by Plaintiff of a full release, including indemnity and hold harmless language, and filing of a dismissal with prejudice. I will have the settlement drafts issued and will prepare the necessary documents to have the case concluded.

Cone objected to Dickenson's motion and filed a cross-motion to enforce settlement with a supporting affidavit from her attorney. Cone agreed that a

settlement agreement was reached in the November 6, 2014 conversation, but claimed that she only agreed to a limited liability release. Cone's counsel testified that when he later received the general release and dismissal with prejudice, he "immediately" called Dickenson's attorney to inform her that she had made a mistake and left "numerous messages" to that effect. However, Dickenson's attorney never returned any of Cone's attorney's phone calls.

Although Cone contended in her objection and cross-motion that her attorney never saw any email from Dickenson's attorney regarding the settlement, her attorney's affidavit does not address this issue. Finally, several months after the settlement conversation, Cone's attorney drafted and sent to Dickenson's attorney a limited liability release via certified mail. While Dickenson acknowledged in his motion that Cone generated a limited liability release, Cone did not make this release or any cover letter or proof of mailing part of the record.

The trial court granted Dickenson's motion to enforce settlement and denied Cone's cross-motion, thereby finding that the parties had entered into an agreement to settle for $25,000, in exchange for a general release. In so concluding, the trial court determined that the parties reached a settlement agreement on November 6, 2014, and that this agreement was memorialized in the email between counsel the

4

same date. The court noted that Cone's attorney did not object to the email confirmation but instead waited until he received the actual settlement documents to object that the agreement was supposed to be for a limited release. The trial court further reasoned that even if there was a dispute on the form of the release, under Georgia law, such dispute was not material to the settlement and would not invalidate the agreement to settle the claims for payment of $25,000.

On appeal, Cone contends the trial court erred by finding that she agreed to execute a general release and to dismiss her case with prejudice. She further argues that the trial court failed to consider her cross-motion to enforce and evidence that the parties instead agreed to settle with a limited liability release, which would have allowed her to proceed against her UM Carrier.

"[A] settlement agreement must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed."[5] An "offer must be accepted unequivocally and without

---

[5] *Vildibill v. Palmer Johnson Savannah*, 244 Ga. App. 747, 748-49 (1) (536 SE2d 779) (2000); see also OCGA § 13-3-2 ("The consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; . . .").

variance of any sort," or the response will be construed as a counter-offer, rather than an acceptance.[6]

> But the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced. If a settlement agreement is disputed, it must be in writing to be enforceable. Ideally, a writing satisfying this requirement consists of a formal, written agreement signed by both parties. But letters prepared by the parties' attorneys may suffice if they memorialize the terms of the agreement.[7]

However, "[w]hile letters or documents from one party's attorney 'will suffice' to establish written evidence of a settlement, such letters do not *require* entry of summary judgment in that party's favor in every case."[8] "The presumption arising from a failure to answer a letter is not a presumption of law, but one of fact, and subject to explanation."[9] "An oral compromise, where denied by one of the parties,

---

[6] *Torres v. Elkin*, 317 Ga. App. 135, 141 (730 SE2d 518) (2012) (punctuation and footnote omitted).

[7] *Vildibill*, supra at 748-49 (1) (citations omitted).

[8] *City of Albany v. Freeney*, 313 Ga. App. 24, 28 (1) (720 SE2d 349) (2011) (emphasis in original).

[9] Id. (citation and punctuation omitted).

6

creates an issue of fact, and it will not be adopted by the court unless it appears that the terms were understood and agreed to by those concerned."[10]

1. In this case, the parties do not dispute that their attorneys reached an oral agreement on November 6, 2014, to settle Cone's personal injury claims for $25,000. Instead, Cone contends that they agreed to a limited liability release, while Dickenson argues that they agreed to a general release. Viewing the evidence in the light most favorable to Cone on Dickenson's motion, we conclude that Cone's attorney's statement in his affidavit that the parties agreed only to a limited release on November 6, 2014, constitutes evidence sufficient to create a jury issue on an essential element of their agreement to settle.[11]

Dickenson's reliance on our recent decision in *Tillman v. Majabi*[12] is misplaced. In that case, the plaintiff's offer demanded the policy limits of $25,000 "in full and final settlement of this matter" and made no mention of a release.[13] The

---

[10] *Cross v. Cook*, 147 Ga. App. 695 (2) (250 SE2d 28) (1978).

[11] *Albany*, supra at 28 (1); *see also Superior Insurance Co. v. Dawkins*, 229 Ga. App. 45, 49 (1) (494 SE2d 208) (1997) (discussing the significance of a general release and the impact on the plaintiff and her UM Carrier).

[12] 331 Ga. App. 415 (771 SE2d 110) (2015).

[13] Id. at 416.

7

insurance carrier sent a check for $25,000 with a letter that the payment was "in full and final settlement"and enclosed a general release for the plaintiff to sign.[14] The plaintiff returned the check and stated that he never agreed to a general release and would only sign a limited liability release.[15] We held that the parties had reached a meeting of the minds, as reflected in the plaintiff's written offer and the insurance carrier's letter and payment in response, and that "[t]he trial court properly ordered [the plaintiff] to execute a release of claims to accomplish the parties' agreement to a full and final settlement of the matter."[16]

It was only in this context that we stated, "[i]t is well settled that the mere inclusion of a release form unacceptable to the plaintiff does not alter the fact that a meeting of the minds had occurred with regard to the terms of the settlement."[17] The parties' writings reflected that they had agreed to "a full and final settlement," and the plaintiff's offer was not conditioned on any particular form of release.[18]

---

[14] Id. at 416-17.

[15] Id. at 417.

[16] Id. at 418.

[17] Id. (punctuation and footnote omitted).

[18] Id. at 416-18; see *Hansen v. Doan*, 320 Ga. App. 609, 613-14(1) (740 SE2d 338) (2013) (agreeing with the trial court's findings that an insurance carrier

In this case, although Dickenson contends that his offer "was accepted without modification," Cone's attorney's affidavit is evidence sufficient to create a jury issue on whether the parties agreed during the November 6, 2014 settlement conversation to a limited release or a general release, which would preclude any potential recovery against Cone's UM Carrier.[19] While the email confirmation sent by Dickenson's attorney may suffice to establish written evidence of the settlement, it does not require a judgment in his favor.[20] The trial court, therefore, erred in granting Dickenson's motion to enforce.

---

unequivocally accepted the plaintiff's offer for a limited release with no indemnity language and where the carrier subsequently sent a release form with indemnity language, the evidence demonstrated that the carrier instructed the plaintiff to tailor the release to fit the plaintiff's demand); *Turner v. Williamson*, 321 Ga. App. 209, 213(2) (738 SE2d 712) (2013) ("The [insurance] claims handler's written and oral communications in response [to the plaintiffs' offer to execute a limited liability release in exchange for the policy limits] demonstrate an unequivocal acceptance of both of these terms, and they contained no language conditioning acceptance upon execution of the particular release form she provided with her second letter. While the release provided may have included additional terms not acceptable to the [plaintiffs], it is well settled that the mere inclusion of a release form unacceptable to the plaintiff does not alter the fact that a meeting of the minds had occurred with regard to the terms of the settlement.") (citations and footnote omitted).

[19] *See Dawkins*, supra at 46-47 (discussing the significance of a general release, as opposed to a limited release under OCGA § 33-24-41.1).

[20] *Albany*, supra at 28 (1).

2. We find no error, however, in the denial of Cone's cross-motion to enforce. As discussed above, the evidence is in conflict regarding whether the parties agreed to a general release or a limited release. Accordingly, although we reverse the grant of Dickenson's motion to enforce settlement, we affirm the trial court's denial of Cone's cross-motion.

*Judgment affirmed in part and reversed in part. Doyle, C. J., and Boggs, J., concur.*