**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 8, 2018**

# In the Court of Appeals of Georgia

A18A0317. FRANCIS v. CHAVIS.

McMILLIAN, Judge.

In this personal-injury action arising from a motor-vehicle accident, Sabrina Francis appeals the trial court's order granting Robert Chavis' motion to enforce a settlement agreement. For the reasons explained below, we reverse.

At the outset, we must expound on the applicable standard of review. When a motion to enforce a settlement agreement is decided without an evidentiary hearing, the issues raised are procedurally analogous to those in a motion for summary judgment. See *Tillman v. Mejabi*, 331 Ga. App. 415, 415 (771 SE2d 110) (2015); *Brooks v. Ironstone Bank*, 314 Ga. App. 879, 881 (726 SE2d 419) (2012) (where trial court decides the case on motion and not by bench trial, issues raised are analogous to those in a motion for summary judgment). Accordingly, viewing the evidence in

the light most favorable to the nonmoving party, the movant must show that the "documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue" on whether a settlement was reached. *Tillman*, 331 Ga. App. at 415. On appeal, we apply a de novo standard of review to the trial court's determination to enforce the settlement agreement.[1]

So viewed, the record shows that on November 13, 2014, Francis was driving her Henry County Sheriff's Department vehicle when she was rear-ended by Robert Chavis's vehicle. Chavis admitted liability for causing the accident. In October 2016, Francis retained counsel and filed suit, claiming she had already incurred medical expenses exceeding $7,000 and expected significant future medical expenses based on her doctor's recommendation for surgery to correct herniated discs aggravated by the accident. Chavis then filed a motion to enforce settlement agreement. In support of the motion, Donna Madison, a claims associate at State Farm Mutual Automobile Insurance Company ("State Farm"), Chavis' liability carrier, submitted an affidavit stating that on July 29, 2016, she spoke to Francis on the phone regarding the claim

---

[1] We note that, had the trial court heard testimony and acted as the finder of fact regarding Chavis' motion to enforce settlement agreement, we would instead review the order under a clearly erroneous standard. See *Brooks*, 314 Ga. App. at 881; *Griffin v. Wallace*, 260 Ga. App. 857, 859 (581 SE2d 375) (2003).

she had filed following the accident. According to Madison, during their conversation, Francis purportedly agreed to settle her claims for $3,433, which equaled her medical expenses at that time plus $1,000 for pain and suffering. She also averred that she explained to Francis that State Farm would be required to pay the applicable workers' compensation lien of $890.70 out of the settlement proceeds and that Francis agreed that she and her husband would sign and date the Release, which Francis requested be sent to her via postal mail. That same day, Madison mailed Francis a release and cover letter confirming the terms of their settlement agreement. The telephone conversation was apparently not recorded.

By affidavit, Francis admitted to speaking with Madison on July 29, 2016, but denied agreeing to the terms of State Farm's settlement offer. After receiving the cover letter and release agreement, Francis averred that she threw the documents in the trash because she did not agree to the terms. Following a hearing, the trial court granted Chavis' motion, finding that the correspondence between Madison and Francis, together with Madison's affidavit, were sufficient to establish the existence of an enforceable oral settlement agreement. This appeal followed.

In related enumerations of error on appeal, Francis asserts the trial court erred in granting the motion to enforce because genuine issues of material fact exist as to

3

whether there was an agreement to settle. In considering whether to enforce a settlement agreement, we first turn to the principle that "[t]he law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." (Punctuation and citation omitted.) *Johnson v. DeKalb County*, 314 Ga. App. 790, 793 (1) (726 SE2d 102) (2012). See also *Pourreza v. Teel Appraisals & Advisory, Inc.*, 273 Ga. App. 880, 882 (616 SE2d 108) (2005) ("Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence.") (citation omitted). "Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." *S. Medial Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 291 (2) (454 SE2d 180) (1995). "In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." (Citation and punctuation omitted.) Id. Thus, "[a]bsent [a] mutual agreement, there is no enforceable contract as between the parties." *Anderson*, 295 Ga. App. at 854 (1) ("It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties.") (citation omitted).

4

Where, as here, "the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing." (Citation omitted.) *Pourreza*, 273 Ga. App. at 882. We have often explained that "[t]he writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement will suffice." (Citation omitted.) Id.

Here, Chavis contends that, notwithstanding Francis' denial that she agreed to settle the case, the documents prepared by Madison in response to the conversation and Madison's affidavit establish as a matter of law that a binding settlement agreement was reached. But because the trial court did not conduct an evidentiary hearing, Chavis' burden to show that a settlement was reached is similar to that on summary judgment: viewing the evidence in the light most favorable to Francis as the nonmoving party, was there a genuine issue of material fact on any element of Chavis' case? Clearly, there was here when each party submitted opposing affidavits about whether there was a settlement reached at all during the oral, unrecorded conversation.[2]

---

[2] More typically, written correspondence exists between the parties, and the court is left to determine from the writings whether a settlement was reached. See, e.g., *Johnson v. DeKalb County*, 314 Ga. App. 790, 793 (1) (726 SE2d 102) (2012);

Moreover, although Madison's July 29, 2016 letter purported to memorialize the parties' oral agreement to settle, viewing the evidence in the light most favorable to Francis as the nonmoving party, particularly given Francis' affidavit that directly contradicted Madison's assertion that they had reached an agreement at all, a genuine issue of material fact exists as to whether the letter memorialized the parties' agreement to settle or was an offer by Madison to settle for the terms set out in the letter and release.[3] Accordingly, the trial court erred in granting Chavis' motion to enforce the parties' settlement agreement. See *City of Albany v. Freeney*, 313 Ga. App. 24, 28 (1) (720 SE2d 349) (2011).

*Judgment reversed and case remanded. Barnes, P. J., and Reese, J., concur.*

---

*DeRossett Enters. v. GE Capital Corp.*, 275 Ga. App. 728, 730-31 (2) (621 SE2d 755) (2005).

[3] We emphasize that the procedural posture and standard of review is critical in this appeal. If the trial court had conducted an evidentiary hearing and determined that an oral agreement to settle had been reached, the outcome of this appeal may have very well turned out differently.