**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 23, 2025**

# In the Court of Appeals of Georgia

A25A1078. LESTER v. HAMPTON.

RICKMAN, Presiding Judge.

Keith Lester filed this personal injury suit against Freddie Hampton, seeking damages for injuries he allegedly sustained when Hampton hit Lester with his truck. Lester appeals from the trial court's order granting Hampton's motion to enforce a settlement agreement, arguing that no enforceable settlement agreement exists because the parties did not have a "meeting of the minds" on all of the essential terms of an offer to settle. For the reasons that follow, we reverse.

When reviewing a trial court's order on a motion to enforce a settlement agreement, we apply a de novo standard of review and view the evidence in a light

most favorable to the nonmoving party. *Torres v. Elkin*, 317 Ga. App. 135, 140 (2) (730 SE2d 518) (2012).

So viewed, the record shows that Lester filed the instant action against Hampton, alleging that Lester had sustained personal injuries on September 11, 2022, when Hampton negligently struck Lester with his motor vehicle. Hampton filed his answer on January 31, 2023.

On January 18, 2023, counsel for Lester sent a demand letter to Hampton's motor vehicle liability carrier, Progressive Mountain Insurance Company ("Progressive"), providing as follows:

> Keith Lester hereby tenders his demand for settlement of the above-referenced matter in the amount of $25,000.00 for the injuries and damages he sustained as a result of the negligence of your insured, Freddie Hampton.
>
> . . .
>
> This demand is made pursuant to OCGA § 51-12-14 for unliquidated damages in a tort action and, if you fail to pay such amount within thirty (30) days from the mailing of this notice, the Plaintiff shall be entitled to receive interest on the claimed sum if, upon trial of the case from which the claim is made, the judgment is for an amount not less than claimed.
>
> . . .
>
> This offer terminates on the 17th day of February, 2023, at 5:00 p.m., thirty days from today. Acceptance of this demand must be received in

writing with full payment received in hand in my office by February 17th. Any deviation or delay in this acceptance will be considered an automatic rejection of this demand.

On February 8, 2023, Progressive sent Lester's counsel a letter stating that it accepted Lester's $25,000 offer of settlement, that payment in the amount of $25,000 was enclosed, and that the release and stipulation of dismissal would be processed by defense counsel. Counsel for Progessive sent a release to Lester's counsel on February 15, 2023.

Hampton subsequently filed a motion to enforce settlement, which the trial court granted. Lester filed a motion for reconsideration, which the trial court denied. The trial court granted Lester's alternative request that the court strike its original order and enter a new order on Hampton's motion to enforce settlement that would make it the final judgment of the court. The trial court entered an amended order granting Hampton's motion, entering judgment for Hampton, and dismissing Lester's complaint. This appeal followed.

On appeal, Lester contends that no enforceable settlement agreement exists because the parties did not agree to all of the essential terms listed in OCGA § 9-11-67.1.

Pursuant to OCGA § 9-11-67.1 (2021),[1]

(a) Prior to the filing of an answer, any offer to settle a tort claim for personal injury, bodily injury, or death arising from the use of a motor vehicle and prepared by or with the assistance of an attorney on behalf of a claimant or claimants shall be in writing and:

(1) Shall contain the following material terms:

(A) The time period within which such offer must be accepted, which shall not be less than 30 days from receipt of the offer;

(B) Amount of monetary payment;

(C) The party or parties the claimant or claimants will release if such offer is accepted;

(D) For any type of release, whether the release is full or limited and an itemization of what the claimant or claimants will provide to each releasee; and

(E) The claims to be released[.]

OCGA § 9-11-67.1 (a) (1).

Lester's offer did not specify the party or parties he would release if his offer was accepted, state whether any release would be full or limited, provide an itemization of what he would provide to each releasee, or identify the claims to be

---

[1] See OCGA § 9-11-67.1 (h) (2021) ("This Code section shall apply to causes of action for personal injury, bodily injury, and death arising from the use of a motor vehicle on or after July 1, 2021."). OCGA § 9-11-67.1 has since been amended.

released. Consequently, his offer did not satisfy the requirements of OCGA § 9-11-67.1 (a) (1). See *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 855 (2) (b) (797 SE2d 814) (2017) (the five terms enumerated in subsection (a) must be included in an offer to settle governed by OCGA § 9-11-67.1).

OCGA § 9-11-67.1 (c) provides, "Nothing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to both the offeror and recipient of the offer." OCGA § 9-11-67.1 (c) (2021). In *Grange Mut. Cas. Co.*, 300 Ga. at 855 (2) (b), the Supreme Court of Georgia considered virtually identical statutory language in the 2013 version of OCGA § 9-11-67.1,[2] which applied to pre-suit offers to settle claims for personal injury arising from the use of a motor vehicle and prepared by or with the assistance of an attorney of behalf of a claimant. OCGA § 9-11-67.1 (a) (2013). Our Supreme Court explained:

> Given the mandatory language of subsection (a) specifying the terms that "shall" be included in a Pre-Suit Offer, the most natural reading of this provision is that the statute does not preclude a Pre-Suit Offer from requiring acceptance of terms in addition to those set forth in subsection

---

[2] The 2013 version of OCGA § 9-11-67.1 (c) provided, "Nothing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to the parties." OCGA § 9-11-67.1 (c) (2013).

(a). And the use of the word "manner" in subsection (c) indicates that not only are additional "terms" permissible, but a claimant may ask the recipient of a Pre-Suit Offer to do something to accept the offer beyond stating the recipient's acceptance in writing.

*Grange Mut. Cas. Co.*, 300 Ga. at 855 (2) (b).

At oral argument, Hampton suggested that OCGA § 9-11-67.1 is inapplicable because Lester's offer referred to OCGA § 51-12-14, not OCGA § 9-11-67.1. But Lester's failure to refer to OCGA § 9-11-67.1 does not mean that OCGA § 9-11-67.1 does not apply. OCGA § 9-11-67.1 applies to *all* offers made prior to the filing of an answer to settle claims for personal injury arising from the use of a motor vehicle, prepared by or with the assistance of an attorney on behalf of a claimant. See *Grange Mut. Cas. Co.*, 300 Ga. at 858 (2) (b). Because Lester's offer was governed by OCGA § 9-11-67.1 but did not satisfy the requirements of OCGA § 9-11-67.1 (a) (1), it was not a valid offer capable of being accepted. Consequently, there is no enforceable settlement agreement between the parties, and the trial court erred by granting

Hampton's motion to enforce settlement, entering judgment for Hampton, and dismissing Lester's complaint.[3]

*Judgment reversed. Gobeil and Davis, JJ., concur.*

---

[3] We note that the trial court relied on *Tillman v. Mejabi*, 331 Ga. App. 415 (771 SE2d 110) (2015), which predated OCGA § 9-11-67.1. The original version of OCGA § 9-11-67.1 applied to "causes of action for personal injury, bodily injury, and death arising from the use of a motor vehicle on or after July 1, 2013." OCGA § 9-11-67.1 (h) (2013). The cause of action in *Tillman* arose from an automobile collision that occurred in 2011. *Tillman*, 331 Ga. App. at 415.