A03A2174. BUTLER v. HOUSEHOLD MORTGAGE SERVICES, INC. et al.

(596 SE2d 664)

MILLER, Judge.

Michael Butler appeals from an order in which the trial court found that Household Mortgage Services, Inc. (Household) and Fleet Mortgage Group (Fleet) could foreclose on Butler's property because Butler had not entered into an enforceable settlement agreement with the mortgage companies to prevent the foreclosure prior to the time foreclosure proceedings were scheduled to begin. Since the trial court properly concluded that there was no meeting of the minds between the parties such that an enforceable settlement agreement was created, we affirm.

1. Since the trial court concluded that a settlement agreement did not exist based on the evidence and that appellees were therefore entitled to judgment as a matter of law, we review the evidence on

appeal de novo, construing such evidence in the light most favorable to Butler. See, e.g., *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the record reveals that Household transferred Butler's mortgage to Fleet, and in 1996 Fleet instituted foreclosure proceedings against Butler.[1] In June of that year, Butler sued Household and Fleet in an attempt to prevent the foreclosure, alleging that the mortgage companies wrongfully repudiated an alleged agreement to roll Butler's mortgage debt into a new loan. The trial court granted Butler a temporary restraining order on June 28, 1996, which order temporarily prevented Household and Fleet from foreclosing on Butler's property.

On March 15, 2001, Butler's attorney contacted one of appellees' attorneys to discuss the terms of a settlement offer. In that conversation, Butler's attorney questioned the rationale behind a proposed lump-sum payment by Butler to settle the case. Appellees' attorney indicated that he would consult with his client about the terms regarding the potential lump-sum payment. Butler's attorney also attempted to negotiate for additional settlement terms regarding prepayment penalties and having the notation of foreclosure removed from Butler's credit report.

On March 22, the attorney with whom Butler's attorney had spoken on March 15 sent a revised settlement offer to Butler. The next day Butler's attorney responded, stating that Butler accepted the offer of settlement, but also stating that the March 22 settlement letter still did not reflect two aspects of the settlement that the attorneys had agreed to on the telephone and that needed to be included in the final settlement. Also in his letter, Butler's attorney acknowledged an upcoming April 3 foreclosure date and requested that appellees' attorney confirm for him that the foreclosure would not actually take place.

Butler's attorney wrote a follow-up letter to appellees' attorneys on March 28, 2001, purporting to confirm that a final settlement had been reached and that appellees therefore could not go forward with the April 3 foreclosure. One of appellees' attorneys responded by letter dated March 30 that no final settlement had been reached.

On August 21 appellees filed a motion for a finding that no settlement had been reached between appellees and Butler, and for a finding that the lack of a settlement would allow appellees to move

---

[1] For much of the sordid history between the parties in this appeal, see the prior appeal involving these same parties (but involving issues generally irrelevant to the current appeal). *Butler v. Household Mtg. Svcs.*, 244 Ga. App. 353 (535 SE2d 518) (2000).

forward with the foreclosure. Neither party appeared for the scheduled oral hearing on the motion, but based on the written record, the court determined that "there was no meeting of the minds, and, therefore, no settlement between the parties." The court further found that appellees could proceed with the foreclosure due to the lack of any settlement agreement. Butler appeals.

The trial court correctly concluded that the parties did not enter into a valid settlement agreement. Indeed,

> an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense.

(Citations and punctuation omitted.) *Southern Med. Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 291 (2) (454 SE2d 180) (1995).

Here, Butler did not accept the terms of appellees' March 22 settlement offer to create a valid and binding settlement agreement. Instead, he made a counteroffer on March 23, making his acceptance conditional by insisting on terms that he had attempted to negotiate for on March 15. See, e.g., *Lamb v. Decatur Fed. S & L Assn.*, 201 Ga. App. 583, 585 (1) (411 SE2d 527) (1991) ("[A]cceptance of an offer must be unconditional, unequivocal, and without variance of any sort; otherwise, there can be no meeting of the minds and mutual assent necessary to contract formation. Accordingly, a subsequent communication by one party to the alleged contract that varies even one term of the original offer is a counteroffer.") (citation omitted). The evidence reveals, as even indicated by Butler's attorney's own affidavit, that the parties were still negotiating a settlement through and including the time that Butler's attorney sent letters purporting to have accepted a final settlement offer. Thus, there was no meeting of the minds between Butler and appellees such that a valid settlement agreement could have been created. Therefore, the trial court correctly concluded that no settlement agreement existed and properly allowed appellees to move forward with the foreclosure.

2. In light of our holding in Division 1, we need not reach Butler's remaining enumeration.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 4, 2004 —

*Michael B. Butler, D. Lake Rumsey, Jr.*, for appellant.
*McCurdy & Candler, Donald C. Suessmith, Jr.*, for appellees.