A11A2358, A11A2359. JOHNSON et al. v. DeKALB COUNTY et al. (two cases).
(726 SE2d 102)

MILLER, Judge.

Robert Edward Johnson, Howard Krinsky, and Kenneth Young (collectively, "Appellants") appeal from the trial court's order granting a motion by DeKalb County to enforce a settlement agreement between the parties.[1] Appellants contend that (1) the purported settlement agreement was not a binding and enforceable agreement; (2) the settlement agreement violated the Statute of Frauds; (3) DeKalb County failed to meet its requisite burden of proof to prevail on its motion to enforce the settlement agreement; and (4) the trial court erred in denying Appellants' alternative motion to enforce the settlement agreement on the terms of their settlement offer. For the reasons set forth below, we affirm.

---

[1] Appellants have filed two appeals in Case Nos. A11A2358 and A11A2359, both of which challenge the trial court's ruling on the motion to enforce the settlement agreement. The appeals raise the same enumerations of error and arguments, and Appellants have filed identical briefs in both cases. We therefore consolidate these duplicative appeals for resolution in this opinion.

> We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the Appellant's case. Thus, we view the evidence in a light most favorable to the nonmoving party[.]

(Punctuation and footnotes omitted.) *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728 (621 SE2d 755) (2005).

So viewed, the evidence shows that a part of DeKalb County's stormwater drainage system discharged water onto Appellants' respective properties, causing the properties to sustain erosion damage. In November 2007, Appellants sued DeKalb County and other unknown individuals for injunctive relief and damages. After completing discovery, the parties attempted to resolve the case through alternative dispute resolution.

During this process, a DeKalb County engineer submitted a concept plan (the "Concept Plan") to correct the drainage issues and repair Appellants' properties. Appellants hired their own engineering consultant to review the Concept Plan. Appellants' consultant issued written comments on the Concept Plan, which were forwarded to DeKalb County for consideration. Thereafter, on December 29, 2010, Appellants sent DeKalb County an e-mail with seven proposed terms of settlement (the "December 2010 E-mail").[2]

At a subsequent mediation between the parties, DeKalb County made an offer to implement the Concept Plan, estimated to cost $80,000, as well as pay Appellants a total of $10,000. Appellants countered with an offer to settle for a total payment of $55,000, as well as implementation of the Concept Plan to include the modifications specified by Appellants' consultant. On February 26, 2011, Appellants sent another e-mail to DeKalb County stating that they

---

[2] Appellants offered to settle if DeKalb County (1) started construction of the Concept Plan, subject to the comments of Appellants' consultant, within 90 days of the settlement agreement, finished construction within 180 days, and maintained the structures on a continuing basis; (2) minimized disturbance to the drainage easement area, fixed existing erosion, and landscaped the disturbed area; (3) replaced the number of trees killed or destroyed as a result of the construction; (4) obtained the opinion of a qualified hydrologist regarding "state waters" in the subject drainage easement; and (5) paid $40,000 in damages and $35,000 in attorney fees. In exchange, Appellants would (6) release DeKalb County from liability subject to the general maintenance of the drainage easement and drainage structures and (7) execute and record easements for the construction and maintenance of the proposed drainage modifications.

would settle for a total payment of $45,000 plus implementation of the Concept Plan.

On February 28, 2011, an attorney representing DeKalb County sent Appellants' counsel an e-mail stating:

> I was telling you the 100% truth when we talked; the [DeKalb County] [B]oard of [C]ommissioners gave us authority [to settle] for $115,000, i.e. the fix plus $35,000. I hope we don't have to try the case over $10,000, but what I offered you is the authority we have, and that isn't going to change.

Appellants' counsel responded the same day, asking whether DeKalb County was "o.k. with the repair items as outlined [in the Concept Plan] and adjusted by [them]." DeKalb County's attorney sought clarification about Appellants' reference to "adjustments" in an e-mail dated March 1, 2011. DeKalb County's attorney stated that, based on statements made by Appellants at the last mediation session, he was under the impression that Appellants were willing to accept the Concept Plan without the other proposed conditions set out in their December 2010 E-mail. In response, Appellants' counsel confirmed that the terms contained in their December 2010 E-mail were either not a part of the settlement agreement or were otherwise already implicitly covered by the Concept Plan. Appellants' response e-mail also indicated that Appellants were willing to accept DeKalb County's offer to implement the Concept Plan plus payment of $35,000 in damages.

DeKalb County then began attempts to formalize a written settlement agreement, but acknowledged that there was no rush since it was still trying to complete a final design of the Concept Plan. DeKalb County did not provide a final design of the Concept Plan until a few days prior to the case's scheduled trial date. In light of the parties' anticipated settlement, and because the scheduled trial date was nearing, DeKalb County also asked Appellants to execute a voluntary dismissal without prejudice. When Appellants' consultant reviewed the final Concept Plan provided by DeKalb County, however, he commented that the final design did not incorporate his prior recommendations. Appellants notified DeKalb County of their concerns and refused to execute the voluntary dismissal in light of such concerns.

As a result, DeKalb County filed a motion to enforce the settlement agreement, arguing that the parties settled the case on the terms that DeKalb County would pay Appellants $35,000 plus implement the Concept Plan. In response, Appellants argued that they never reached a final settlement agreement with DeKalb

County, but had rather only "agreed to agree," which is not an enforceable settlement. Following a hearing on the motion, the trial court concluded that the settlement agreement was enforceable and granted DeKalb County's motion to enforce the same. Appellants filed a motion to reconsider, which the trial court denied. On appeal, Appellants challenge the trial court's grant of DeKalb County's motion to enforce the settlement agreement.

1. Appellants argue that the purported settlement agreement was not enforceable because the evidence showed that the parties entered only into an "agreement to agree" and had no meeting of the minds on all essential terms of the contract. We disagree.

"[T]he law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." (Punctuation and footnote omitted.) *DeRossett Enterprises*, supra, 275 Ga. App. at 729 (1).

> In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The settlement agreement alleged to have been created in this case would have been the product of the attorneys for the parties. As the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice.

(Citation and punctuation omitted.) *Pourreza v. Teel Appraisals &c.*, 273 Ga. App. 880, 882-883 (616 SE2d 108) (2005).

Here, Appellants assert that the e-mail exchanges between their counsel and DeKalb County's counsel demonstrated only the parties' ongoing negotiations. In particular, Appellants argue that their counsel's February 26, 2011 e-mail requesting $45,000 in damages constituted a counteroffer to, and therefore a rejection of, DeKalb County's offer to pay $35,000 in damages. See *Lamb v. Decatur Fed. Sav. & Loan Assn.*, 201 Ga. App. 583, 585 (1) (411 SE2d 527) (1991) ("A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation[.]") (citation and punctuation omitted).

Notably, however, DeKalb County sent a subsequent e-mail on March 1, 2011, stating that its offer to implement the Concept Plan and pay $35,000 in damages would not change, and expressing its desire not to try the case over a difference of $10,000 in damages. Indeed, a rejected offer does not put an end to negotiation where the party who made the original offer renews it or assents to the modification requested in a counteroffer. *Lamb*, supra, 201 Ga. App. at 585 (1). Here, DeKalb County's March 1, 2011 e-mail, making definite statements to settle, constituted DeKalb County's renewal of its offer. Cf. *Rakusin v. Radiology Assoc. of Atlanta*, 305 Ga. App. 175, 180 (1) (699 SE2d 384) (2010) ("An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.") (citations and punctuation omitted).

Appellants' counsel subsequently sent a response via e-mail, which unequivocally accepted DeKalb County's original offer and memorialized the parties' agreement to settle. See *Pourreza*, supra, 273 Ga. App. at 883; *Moreno v. Strickland*, 255 Ga. App. 850, 852-853 (1) (567 SE2d 90) (2002). Moreover, the essential elements of the agreement were clear — implementation of the Concept Plan and payment of $35,000 — and Appellants' counsel did not condition acceptance on the occurrence of any other events. Contrary to Appellants' claim, the agreement was not contingent on acceptance of the terms outlined in their December 2010 E-mail. Notably, in accepting DeKalb County's offer, Appellants' counsel specifically confirmed that the other settlement terms previously sought by Appellants were not a part of the settlement agreement or otherwise implicitly included in the Concept Plan. Therefore, the other terms outlined by Appellants were not essential elements of the settlement agreement.[3]

We recognize that DeKalb County attempted to execute a formal written settlement agreement while waiting on the completion of the final design of the Concept Plan. Notwithstanding Appellants' argument to the contrary, however, DeKalb County's actions did not change the fact that on March 1, 2011, the parties entered into

> a mutual binding agreement. Thereafter, the drafting of documents necessary to effectuate the settlement agreement may have been a condition of the performance but it was not an act necessary to acceptance of the offer to settle. . . . [T]his is simply a case where an agreement as to

---

[3] In light of this conclusion, we need not address Appellants' argument that the trial court should have enforced the settlement agreement according to these other terms.

terms was clearly made and then [Appellants] changed [their] mind and no longer wanted to settle the case.

(Citations and punctuation omitted.) *Pourreza*, supra, 273 Ga. App. at 883.

2. Appellants next contend that the settlement agreement violated the Statute of Frauds, because execution of the Concept Plan required construction easements. We disagree.

"[W]hile the Statute of Frauds requires a contract involving the sale or transfer of an interest of land to be in writing, OCGA § 13-5-30 (4), that written requirement does not extend to [a] settlement agreement pursuant to which the transfer is to be made." (Citation and punctuation omitted.) *Triple Eagle Assoc. v. PBK, Inc.*, 307 Ga. App. 17, 19 (2), n. 6 (704 SE2d 189) (2010). In any event, as discussed in Division 1 above, the e-mail exchange between counsels for Appellants and DeKalb County was sufficient to memorialize the terms of the settlement agreement and render it an enforceable contract. See, e.g., *Capitol Materials v. Kellogg & Kimsey, Inc.*, 242 Ga. App. 584, 587 (4) (530 SE2d 488) (2000) (holding that an attorney's letter was sufficient to meet the Statute of Frauds because the letter memorialized the terms of an agreement).

3. Appellants contend that the trial court erred in granting DeKalb County's motion to enforce the settlement agreement because DeKalb County failed to meet its requisite burden of proof. Their claim is without merit.

As discussed in Division 1 above, DeKalb County showed that there was no record evidence sufficient to create a jury issue on any essential element. See *DeRossett Enterprises*, supra, 275 Ga. App. at 728.[4]

Accordingly, the trial court did not err in granting DeKalb County's motion to enforce the settlement agreement.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 14, 2012.

*Teague & Chambless, James S. Teague, Jr., Keisha M. Chamb-*

---

[4] Appellants also argue that the trial court erred by failing to provide them 30 days notice in which to respond to the motion to enforce the settlement agreement. However, this claim was not enumerated as error, and as a result, we are precluded from reviewing the claim on appeal. See *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 780-781 (3) (637 SE2d 158) (2006) ("A party cannot expand his enumerations of error through argument or citation in his brief.") (citations and punctuation omitted). Even if Appellants had properly enumerated this argument, they nevertheless waived any procedural defect by not raising an objection at the hearing on the motion to enforce the settlement agreement. See, e.g., *Jones v. Orris*, 274 Ga. App. 52, 56 (1) (616 SE2d 820) (2005); *Dennisson v. Lakeway Publishers*, 196 Ga. App. 85 (1) (395 SE2d 366) (1990).

*less*, for appellants.

*Duane D. Pritchett, Kendric E. Smith*, for appellees.