**FIRST DIVISION
DOYLE, C. J.,
PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 16, 2015**

# In the Court of Appeals of Georgia

A15A1310. BENTON v. GAILEY, et al.                              BO-064

BOGGS, Judge.

In this interlocutory appeal, Lucille Benton appeals from the trial court's order denying her motion to enforce a settlement with Cara and Howard Gailey, individually and as natural parents of Ayden Gailey, a minor. For the reasons explained below, we affirm.

"On appeal from a trial court's order on a motion to enforce a settlement agreement, we apply a de novo standard of review." (Citation and footnote omitted.) *Lamb v. Fulton-DeKalb Hosp. Auth.*, 297 Ga. App. 529 (677 SE2d 328) (2009).

> Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there

is no evidence sufficient to create a jury issue on at least one essential element of the appellant[' ]s case. Thus, we view the evidence in a light most favorable to the nonmoving party.

(Citation, punctuation and footnote omitted.) *Tillman v. Mejabi*, 331 Ga. App. 415 (771 SE2d 110) (2015).

So viewed, the record shows that the settlement relates to an incident in which Benton struck the minor Gailey while driving a car insured by Encompass Insurance Company ("Encompass"). The child's injuries were significant and it is alleged his medical expenses exceed $500,000; Benton's policy with Encompass had a $50,000 bodily injury liability limit.

A claim representative with Encompass submitted an affidavit averring that she spoke with Howard Gailey by telephone on October 26, 2010 and he accepted her offer to pay "$50,000 for settlement of Aiden Gailey's claims." In an affidavit submitted in opposition to the motion to enforce settlement, Howard Gailey denied that he orally agreed to accept the $50,000 settlement offer. According to Mr. Gailey, he "never told [the claim representative] during that telephone conversation nor at anytime after that conversation that I accepted or would agree to accept Ms. Benton's $50,000 policy limit in settlement of any claims." It is undisputed that the claim

representative did not send a letter to Mr. Gailey confirming the purported settlement. Instead, she sent "the file" to counsel, Kelley Webb, "to assist with the settlement documents." Webb spoke with Mr. Gailey and later his attorney, Steven Carter, about the process to finalize a settlement involving a minor and averred in her affidavit that Carter never asserted a settlement had not been reached. According to Webb, finalizing the settlement through probate court was delayed for over a year while Carter attempted to negotiate down various healthcare liens.

On October 1, 2012, almost two years after the purported oral settlement on October 26, 2010, Carter sent a "Time Limited Settlement Demand" letter to Webb stating, in pertinent part, that he was authorized to extend an offer to settle the claims of the parents and the minor "on the following terms:" payment of $49,250.00 to the parents and payment of $750.00 to the minor, through his natural guardians and parents. The letter also provides:

> For this settlement offer and opportunity to be ***timely*** accepted, I must ***receive*** each of the following into my office by the stated deadline [October 15, 2012 at 5:00 p.m.], provided their settlement offer has not otherwise been previously rejected as contemplated by law:
>
> 1.  $49,250.00 check from Encompass made jointly payable to "**Howard Gailey and Cara Gailey, in their capacity of**

> **parents of Ayden Gailey, a minor and Stephen C. Carter, P. C., their attorney**";

2. $750.00 check from Encompass made jointly payable to "**Howard Gailey and Cara Gailey as Guardians of the Property of Ayden Gailey, a minor, and Stephen C. Carter, P. C., their attorney**";

3. A certified copy of the declarations page of each policy of insurance providing coverage to your insured applicable to my clients' respective claims; and

4. [Statement under oath by corporate officer or claim manager regarding available insurance] (Emphasis in original.)

After an exchange of letters between counsel about whether probate court approval was required for the settlement, on October 15, 2012, before the deadline for acceptance expired, Webb sent Carter a letter stating, in pertinent part:

> Encompass Insurance Company on behalf of Lucille Benton accepts your October 1, 2012 offer but is statutorily required to have Probate Court approval of this settlement pursuant to OCGA § 29-3-1 et seq., and therefore our acceptance *is subject to* Probate Court approval. . . . Per your October 1, 2012 correspondence, also enclosed please find an

"Affidavit of Insurance" and a certified declaration page for Encompass Insurance policy 186924014. (Emphasis supplied.)

It is undisputed that Encompass never delivered to Carter the checks specified in the October 1, 2012 demand letter.

1. Benton asserts that the trial court erred by failing to enforce the alleged oral agreement on October 26, 2010. We disagree.

> Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. . . . While an agreement may be oral, if the parties disagree on whether an agreement was reached, the agreement must be memorialized in a writing to be enforceable, and the absence of a writing prevents enforcement.

*Imerys Clays, Inc. v. Washington County Bd. of Tax Assessors*, 287 Ga. App. 674, 675 (652 SE2d 580) (2007). Here, Benton has not produced a writing memorializing the terms of the alleged settlement reached on October 26, 2010. As a result, the trial court did not err by denying this portion of Benton's motion to enforce an alleged

5

settlement. See id.; *Ellerin & Assoc. v. Brawley*, 263 Ga. App. 860, 865 (5) (589 SE2d 626) (2003).

2. Benton asserts, in the alternative, that the trial court erred by concluding Encompass failed to accept the Gaileys' October 1, 2012 settlement offer. Again, we disagree.

It is well-settled that

> An answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. To constitute a contract, the offer must be accepted unequivocally and without variance of any sort. A purported acceptance of a plaintiff's settlement offer which imposes conditions will be construed as a counter-offer to the offer to settle. . . . (Punctuation omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 698 (446 SE2d 199) (1994).

(Punctuation omitted.) *Frickey v. Jones*, 280 Ga. 573, 574 (630 SE2d 374) (2006). And "[t]he offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made; or if it calls for an act, it can be accepted only by the doing of the act." (Citation and punctuation omitted.) *Herring*, supra, 213 Ga. App. at 699. Here, Encompass's October 15, 2012 letter did not accept the offer "unequivocally and without variance of any sort." Id. at 698. Instead, it expressly

6

stated that "our acceptance *is subject to* Probate Court approval." (Emphasis supplied.) Additionally, Encompass failed to deliver the check as specified in the offer. While Encompass's position that probate court approval was required for the settlement may be a defense to any potential claim for bad faith failure to settle,[1] it cannot be used to alter the terms for acceptance outlined in the Gaileys' offer letter. See *Kitchens v. Ezell*, 315 Ga. App. 444, 449 (1) (a) (726 SE2d 461) (2012) (physical precedent only) (party "entitled to specify the manner of acceptance"). For these reasons, we affirm the trial court's denial of Benton's motion to enforce an alleged settlement on October 15, 2012. See *Kemper v. Brown*, 325 Ga. App. 806, 808 (1) (754 SE2d 141) (2014) (insurer's demand that plaintiff place settlement funds into an escrow account to protect interests of any pending liens "clearly constituted a counteroffer" and rejection of plaintiff's offer).

3. In her remaining enumeration of error, Benton asserts that "the trial court disregarded OCGA § 29-3-3 (f), requiring that the gross settlement of a minor's claim must be approved by court should it exceed $15,000." In its order denying Benton's motion to enforce the purported settlements, the trial court also rejected "Benton's contention that Encompass could not accept the settlement opportunities provided by

---

[1] We express no opinion on the merits of this position.

7

the Demand Letter by delivering checks as demanded without first obtaining court approval." Based upon our holding in Division 2, it is not necessary for this court to address whether the trial court properly concluded that probate court approval was not required for the settlement of the minor's claim. "The fact that appellants might possibly derive some future benefit from a favorable adjudication on an abstract question will not require this court to . . . decide the case." (Citation and punctuation omitted.) *Merrill v. Eiberger*, 198 Ga. App. 806 (403 SE2d 91) (1991). Whether probate court approval was necessary for a valid settlement of the minor's claim is immaterial to our analysis of whether the Gaileys' offer was accepted. We therefore decline to issue an advisory opinion on this issue. *Huff v. The Harpagon Co.*, 286 Ga. 809, 811 (2) (692 SE2d 336) (2010) ("Georgia appellate courts are not authorized to render advisory opinions as to potential error. [Cits.]").

*Judgment affirmed. Doyle, C. J. and Phipps, P. J., concur.*