McFadden, Presiding Judge, dissenting.
Weighing the evidence and choosing between conflicting plausible inferences is the province of the jury. Because the majority invades the province of the jury I respectfully dissent.
Summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). In this case, the dispositive question is whether there is a genuine issue of material fact as to whether the settlement reached by Arthur Blanton and Crump Heating & Air, LLC in magistrate court included the counterclaims brought by Blanton against Crump Heating & Air. There plainly is such a genuine issue of material fact. So the majority has erred in granting summary judgment against Blanton.
The majority has given short shrift to this dispositive issue of fact and has instead mistakenly focused on the ancillary question of whether Blanton's attorney had authority to settle on behalf of his client. Of course he had that authority. That question is not in dispute.
What is in dispute is whether or not Blanton's attorney-in exercising that authority-included Blanton's counterclaim in the magistrate court settlement. That issue can only be resolved by looking at the evidence in the record.
In support of their motion for summary judgment, the Crump Heating & Air filed the affidavit of Michael Crump, one of the owners of Crump Heating & Air, who stated that the attorneys for both sides had "reached a full and final settlement of the Magistrate Court case, wherein we agreed to drop our claim for attorney fees and expenses if Mr. Blanton would pay the outstanding $3,600.00 bill in full and forego his counterclaim for damages to his home allegedly caused by our negligence and breach of contract."
In response, Blanton filed his own affidavit. He averred that, although Crump's magistrate court claim for $3,600 had been settled by his attorney, he had not signed a dismissal or release of his own claims and "[t]here was never any meeting of minds of [him] and the Defendants to settles his losses in the total amount of $335,268.23 for basically nothing." Blanton also deposed that he did not know his attorney was going to use the $3,600 check to pay Crump Heating & Air for its claim and he instead thought the money would be used to transfer the case from magistrate court to superior court. Moreover, approximately five months after Crump Heating & Air had dismissed its magistrate court action, Blanton filed a pro se statement of claim in magistrate court against his attorney, seeking to recover the $3,600 on the basis that the attorney had said he would have the case transferred to superior court.
The majority disregards this evidence, dismissing Blanton's affidavit as "self-serving." That is improper. The majority is weighing the credibility of the evidence. "[D]espite the apparent self-serving nature of [Blanton's] affidavit, whether his testimony is credible is not an issue that the trial court can determine on summary judgment." Southern States-Bartow County, Inc. v. Riverwood Farm Prop. Owners Assn., 331 Ga. App. 878, 886 (5), 769 S.E.2d 823 (2015) (citations and punctuation omitted). Blanton had introduced at least some evidence from which a jury could find that he believed his case had not been settled.
Perhaps a contrary inference can be drawn from the amount of time it took Blanton to bring the superior court action-although any experienced lawyer knows all too well that the press of other business and the challenges of investigation and preparation often frustrate efforts to file before a deadline is imminent. It is for a jury, not this court, to weigh the evidence and decide what inferences to draw.
The law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced. In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties *130 themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The settlement agreement alleged to have been created in this case would have been the product of the attorneys for the parties. As the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice.
Johnson v. DeKalb County , 314 Ga. App. 790, 793 (1), 726 S.E.2d 102 (2012) (citations and punctuation omitted).
In this case, the existence of a binding settlement agreement is disputed. There are letters prepared by the attorneys indicating that Crump Heating & Air's magistrate court claim was settled, and the authority of the attorneys who prepared them is not in question. But those letters do not memorialize the terms of the agreement reached and do not specify that Blanton's counterclaim was also settled. Contrary to the conclusion of the majority, that letter completely fails to state any terms of the settlement agreement reached. It merely states: "The parties have reached a settlement in the above-styled case. Therefore, the hearing scheduled for Wednesday, May 29, 2013 at 1:30 p.m. is no longer necessary." It is true, as noted above, that letters prepared by attorneys which memorialize the terms of a settlement agreement will suffice. Johnson , supra. But the brief letter sent by Blanton's attorney, which contains no terms of the agreement, is not such a letter memorializing any settlement terms. Compare Pourreza v. Teel Appraisals & Advisory , 273 Ga. App. 880, 616 S.E.2d 108 (2005) (letters between attorneys memorializing the essential terms of a settlement offer and acceptance were sufficient to authorize court to grant motion to enforce the settlement agreement. Herring v. Dunning , 213 Ga. App. 695, 446 S.E.2d 199 (1994) (accord).
While a [settlement] agreement may be oral, if the parties disagree on whether an agreement was reached, the agreement must be memorialized in a writing to be enforceable, and the absence of a writing prevents enforcement. If the parties agree that a settlement was reached but disagree as to its terms, the proponents of the settlement must establish its existence in writing. Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of consent of the client to the agreement.
Imerys Clays, Inc. v. Washington County Bd. of Tax Assessors , 287 Ga. App. 674, 675-676, 652 S.E.2d 580 (2007).
In this case, no writing, including the letter from Blanton's attorney to the magistrate court, shows the terms of any settlement agreement. Because there are genuine issues of material fact as to whether the counterclaim was included in the apparently oral settlement, the superior court's summary judgment ruling, premised on a finding that the counterclaim had in fact been settled, was erroneous. The majority's affirmance of that ruling, in light of the existing genuine issues of material fact, is likewise erroneous.