**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J., and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 5, 2021**

# In the Court of Appeals of Georgia

A20A1582. JERVIS et al. v. AMOS et al.

BROWN, Judge.

In this personal injury action filed in the State Court of Rockdale County, plaintiffs Jay Jervis and Lisa Jervis (the "Jervises") appeal from the trial court's order granting defendants Jonathan Amos and Vivian Amos' (the "Amoses") motion to enforce a settlement agreement and ordering the parties to draft and exchange a Limited Liability Release "as set forth in paragraph 4 of the [Jervises'] Offer Letter and corresponding payment of $25,000 made payable to the Plaintiffs and their counsel within 10 days of the execution of this Order." The Jervises argue that the trial court erred in finding an enforceable settlement agreement because the Amoses could not prove that American Claims Management ("American") provided written acceptance of the five material terms required by OCGA § 9-11-67.1 or that American

performed the acts necessary for acceptance of the Jervises' offer. They also contend that the trial court lacked the equity jurisdiction to order the parties to draft and exchange a Limited Liability Release. For the reasons explained below, we reverse.

> We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the Appellant's case. Thus, we view the evidence in a light most favorable to the nonmoving party.

(Citation and punctuation omitted.) *Duenas v. Cook*, 347 Ga. App. 436, 436-437 (818 SE2d 629) (2018). So viewed, the record shows that Jay Jervis was injured on May 15, 2017, when his motorcycle collided with a vehicle being driven by Jonathan Amos, and owned by his mother, Vivian Amos. The Amoses' vehicle was insured by Everest Security Insurance Company and American was the third-party administrator for Everest. On February 22, 2018, counsel for the Jervises emailed American, noting that Jay Jervis had medical expenses exceeding $2,000,000, and asking that American provide a letter confirming Everest's tender of policy limits. On February 27, 2018,

2

American sent a letter to counsel acknowledging receipt of the Jervises' "demand," and stating that "we are meeting your demand and tendering our limits of $25,000.00 to resolve Mr. Jervis' claim. We will issue the settlement check to your office; it will be mailed regular mail. . . . Attached is our proposed Limited Release for your review and execution." Counsel responded, thanking American for offering to pay its policy limits, but noting that he had requested American "issue a 'tender letter' advising the policy limits of your insured would be offered. We have not made a formal demand and will advise your office when we do." The letter also advised American not to issue a settlement check "at this time as it will be returned to your office."

Almost a year later, on February 4, 2019, the Jervises' attorney sent an email to the new claims adjuster assigned to the claim, stating that he would send a demand letter. On February 19, 2019, the Jervises sent American a letter making a settlement offer pursuant to OCGA §§ 9-11-67.1 and 51-12-14. The letter provided as follows:

> Pursuant to OCGA § 9-11-67.1 and the common law, we are providing this reasonable opportunity to settle claims against your insured under the terms below. Please note that some of the material terms are conditions of acceptance and not conditions of performance. If you fail to timely perform a condition of acceptance, there will be no settlement agreement and we will be forced to file a lawsuit against your insured. ***Time is of the essence for each and every condition.***

3

1. You have 30 days from your receipt of this offer to provide to us a written statement pursuant to OCGA § 9-11-67.1 (b) as to whether you agree to all of the terms of this offer. The 30-day period shall be conclusively established by the green return-receipt-requested postcard provided by the US postal service.

2. The amount of monetary payment demanded is $25,000.00. If you choose to make the payment in a method other than cash, the payment must be made payable to Jay D. Jervis, Lisa D. Jervis and Samuel J. Crowe, P.C. The monetary payment must be actually received by the undersigned not less than ten (10) days after you provide a written statement of agreement. ***Our timely receipt of payment is an essential element of acceptance.*** If you do not ensure that we receive timely payment within the deadline, there will be no settlement, and we will be forced to file a lawsuit against your insured.

3. The parties to be released are Vivian L. Amos, Jonathan F. Amos and Everest Security Insurance Company under policy #8700715207-02.

4. The type of release to be executed in exchange for payment is a Limited Liability Release pursuant to O.C.G.A. § 33-24-41.1.

5. The claims to be released are for all personal injury/bodily injury claims of Jay D. Jervis and Lisa D. Jervis arising from the bodily injuries of Mr. Jay D. Jervis in the collision of May 15, 2017.

6. The enclosed Affidavit of Jonathan F. Amos regarding other Insurance must be executed and returned with your letter of acceptance.

If you do not timely fulfill all conditions of acceptance, this offer will be deemed rejected, and we will file a lawsuit against your insured to recover the total amount of losses caused by your insured instead of the limited amount afforded by your coverage and other coverage that may be available.

. . .

This demand is additionally made pursuant to O.C.G.A. § 51-12-14. However, in order to harmonize the terms of O.C.G.A. § 51-12-14 with the terms of O.C.G.A. § 9-11-67.1, the time period for you to pay the amount demanded shall be the longer period contained in O.C.G.A. § 9-11-67.1 as set forth in this demand. If you fail to accept this demand and timely pay the amount demanded, this demand is automatically withdrawn and we will seek interest against your insured on the amount demanded.

(Emphasis in original.) On February 22, 2019, American's claims adjuster emailed the Jervises' attorney asking for his firm's W-9 "to enter into [the] system so I am able to process settlement payment." Counsel responded via email, stating that a copy of the firm's W-9 was attached. In a letter also dated February 22, 2019 ("the First Letter"), American's claims adjuster advised the Jervises' attorney as follows:

5

This letter serves to acknowledge American Claims Management, Inc.'s ("Everest") receipt referenced notice of loss. American . . . is the third party administrator for Everest regarding the above-mentioned claim. We have evaluated this bodily injury claim and I am authorized to extend an offer of $25,000.00 for your client's injury claim. Please consult with your client and let me know of your response at your earliest convenience.

A second letter from the claims adjuster to the Jervises' attorney dated February 22, 2019 ("the Second Letter"), provides: "Enclosed is the check and limited release. We sent the Affidavit of Jonathan F[.] Amos regarding other insurance to the Jonathan Amos/Vivian Amos. Once we received (sic) the signed from (sic), we will forward to your office." A draft check in the amount of $25,000, dated February 23, 2019, as well as a limited liability release were attached to the letter. There is no evidence in the record that then-counsel responded to either letter.

On March 21, 2019, new counsel for the Jervises emailed American's counsel, opining that rather than providing written acceptance of the material terms of the Jervises' February 19, 2019 offer and performing the acts required for acceptance, American sent the First Letter, characterized by counsel as "Counteroffer 1," which "extinguished the Offer sent on behalf of Mr. and Mrs. Jervis pursuant to O.C.G.A. § 9-11-67.1." Counsel for the Jervises characterized the Second Letter as

6

"Counteroffer 2" which "did not provide anything that could be viewed as an unequivocal acceptance of the material terms of the [Jervises'] Offer without variance of any sort as required by O.C.G.A. § 9-11-67.1. Additionally, Counteroffer 2 included terms and sworn representations in the limited release that, for multiple reasons, could not be accepted by Mr. and Mrs. Jervis." The Jervises "respectfully" declined Counteroffers 1 and 2. On April 9, 2019, Jonathan Amos signed the Affidavit of No Insurance.

On April 9, 2019, the Jervises filed a personal injury suit against Jonathan Amos and Vivian Amos. The Amoses moved to enforce the parties' settlement. Following a hearing, where the Jervises' attorney returned the draft check sent by American, the trial court granted the motion and dismissed the complaint with prejudice against the Amoses and entered a final judgment in their favor. The trial court ordered the parties to exchange a Limited Liability Release as set forth in the Jervises' Offer and corresponding payment of $25,000 within ten day of the order. This appeal followed.

1. The Jervises contend that the trial court erred by enforcing the settlement agreement. We agree.

We note at the outset that

well-established principles guide our inquiry into whether the parties entered into a settlement agreement. In order to prevent litigation, compromises of doubtful rights are upheld by general policy. At the same time, courts are certainly limited to those terms upon which the parties themselves have mutually agreed. Indeed, apart from such mutual agreement, no enforceable contract exists between the parties. And settlement agreements must meet the same requirements of formation and enforceability as other contracts. Thus, an answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. The offer must be accepted unequivocally and without variance of any sort. And if a purported acceptance of the plaintiff's settlement offer imposes any new conditions, it constitutes a counteroffer rather than an acceptance. Furthermore, the party asserting the existence of a contract has the burden of proving its existence and its terms.

(Citations and punctuation omitted.) *Hansen v. Doan*, 320 Ga. App. 609, 611-612 (740 SE2d 338) (2013). The trial court concluded that the correspondence between the two parties on February 22, 2019, demonstrated "unequivocal evidence the deal was consummated" regardless of the fact that the correspondence did not contain the specific words "'accept' or 'agree.'" The trial court also noted the sharp contrast between counsel's actions in 2019 and his actions in 2018: "when this same counsel was told that [Everest] was sending a check[, he] disavowed any agreement" and

advised that if Everest issued a settlement check, it would be returned. With regard to Jonathan Amos' affidavit of other insurance, the trial court found that the initial statement in the offer ("Please note that **some** of the material terms are conditions of acceptance and not conditions of performance") (emphasis in original) did not define the term "some" or indicate that the affidavit was a condition of acceptance, and concluded that,

> [t]he Plaintiffs did not condition acceptance upon return of the Affidavit and, as such, the Affidavit was not required in order to accept the Plaintiffs' offer. Plaintiffs' counsel himself made clear that such an affidavit was not a condition of acceptance when he provided his W-9 to cause the agreed-to check to be issued pursuant to the parties' agreement.

The Jervises contend that the trial court's conclusions are erroneous because (a) American never provided written acceptance of all five statutory material terms in the Jervises' offer as required by OCGA § 9-11-67.1, and (b) American never performed the act of delivering an affidavit of Jonathan Amos regarding other insurance with written acceptance as required by the offer.

We need not decide whether American's First or Second Letter should be construed as written acceptance because Jonathan Amos' affidavit of "other

9

[i]nsurance" was not executed or returned as provided in the Jervises' offer. "Georgia law holds that an offer may be accepted either by a promise to do the thing contemplated therein, or by the actual doing of the thing. And if an offer calls for an act, it can be accepted only by the doing of the act." (Citation and punctuation omitted.) *Barnes v. Martin-Price*, 353 Ga. App. 621, 624 (1) (838 SE2d 916) (2020). See also *Duenas*, 347 Ga. App. at 440-441 ("an offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made; or if it calls for an act, it can be accepted only by the doing of the act") (citation and punctuation omitted); *Hansen*, 320 Ga. App. at 612 (1). In *Grange Mutual Cas. Co. v. Woodard*, 300 Ga. 848 (797 SE2d 814) (2017), the Georgia Supreme Court concluded that OCGA § 9-11-67.1 permits a claimant to ask "the recipient of a Pre-Suit Offer to do something to accept the offer beyond stating the recipient's acceptance in writing," and noted that "if the recipient of a Pre-Suit Offer is asked to do something more to accept, the parties do not have a meeting of the minds if the recipient does not also perform that action." Id. at 855-856 (2) (B). See OCGA § 9-11-67.1 (c). The Court held that "OCGA § 9-11-67.1 permits 'unilateral' contracts whereby Pre-Suit Offers may demand acceptance in the form of performance (in addition to the statutorily

mandated written acceptance) before there is a binding enforceable settlement contract." *Woodard*, 300 Ga. at 858 (3).

While the Jervises' offer letter states that "some of the material terms are conditions of acceptance and not conditions of performance," it specifically called for an executed affidavit of other insurance to be returned with the letter of acceptance within 30 days, and stressed that time is of the essence for each and every condition. The offer was extended on February 19, 2019, and Jonathan Amos' affidavit of no other insurance was not executed until April 9, 2019. Contrary to the trial court's conclusion, and regardless of the Jervises' counsel's action in providing his W-9,[1] given that neither the First nor the Second Letter included the affidavit, there was no binding settlement agreement. The execution and return of the affidavit within 30 days was an act necessary to acceptance of the Jervises' offer to settle and was not a condition of performance.[2] See *Benton v. Gailey*, 334 Ga. App. 548, 551 (2) (779

[1] In our view, counsel's "tendering of his W-9" was not "unequivocal evidence [that] the deal was consummated" and did not amount to a waiver of the conditions of the offer. Under Paragraph 2 of the offer, timely receipt of payment was a condition of acceptance and the only way for payment to be made was for counsel to provide his W-9; if counsel had not provided his W-9, the Amoses would not have been able to make prompt payment.

[2] Regardless of the fact that the term "some" is not defined in the offer, the wording of Paragraph 6 makes it clear that the Amoses were being asked to "do

11

SE2d 749) (2015) (affirming denial of motion to enforce settlement agreement because, inter alia, the insurer failed to deliver the settlement checks as specified in the offer). Compare *Moreno v. Strickland*, 255 Ga. App. 850, 853-854 (1) (567 SE2d 90) (2002) (presentation of proper release in a form acceptable to plaintiff may have been condition of defendant's performance, but was not an act necessary to acceptance of the offer to settle). Because the affidavit was not executed and returned as required by the terms of the offer, the trial court erred in granting the Amoses' motion to enforce settlement agreement.

2. Given our ruling in Division 1, we need not consider the Jervises' remaining enumeration of error.

*Judgment reversed. Dillard, P. J., and Rickman, P. J., concur*.

---

something more to accept." See *Woodard*, 300 Ga. at 856. Indeed, execution and return of the affidavit within 30 days was an act necessary to acceptance of the offer to settle and not a condition of performance. See, e.g., *Kitchens v. Ezell*, 315 Ga. App. 444, 447-449 (1) (a) (726 SE2d 461) (2012) (physical precedent only) (delivery of bodily injury release within 20 days of the offer was an act necessary to acceptance).