## 53623. JOHNSON v. MARTIN et al.

McMURRAY, Judge.

The plaintiff in this suit for personal injuries was a passenger in an automobile driven by Ferguson when it collided with an automobile driven by Martin. Plaintiff brought this action against Ferguson and Martin, each represented by separate counsel, alleging that their negligence in the operation of their automobile was the cause of her injuries.

Subsequent to filing her action, plaintiff's attorney wrote Martin and his attorney, "offering to settle this case for the limits of your policy in the total amount of $10,000." Martin's attorney responded, his letter purporting to accept the offer to settle the case. Further correspondence was had between the parties. Upon plaintiff's refusal to conclude the matter, stating in the correspondence, "No matter how you interpret that letter and offer to settle Mr. Martin's claim does not include the entire case or both defendants," Martin filed his motion for summary judgment contending that the action should be dismissed against both defendants for the reason that there had been a compromise and settlement of the issues involved in this action. The court granted Martin's motion, and plaintiff appeals. *Held:*

The letter of Martin's attorney which purported to accept the offer of settlement consisted of three paragraphs. The first paragraph stated acceptance of the offer of settlement. The second paragraph discussed the mechanics of dissolving a lien filed by a hospital in which plaintiff had been treated. The third paragraph contained the following: ". . . Also enclosed is a release of all claims which we would appreciate your having Miss Johnson [plaintiff] sign. Upon the execution and delivery to us of the enclosed dismissal and release, the enclosed draft may be presented for payment. . ." Clearly the intent of Martin's attorney was to qualify his acceptance of the offer by adding as a condition to the agreement the signing of the release by plaintiff.

The release in question, one of the enclosures sent with the letter, contained language which would have released not only the two defendants to this action but any

and all persons, firms or corporations from any claim by plaintiff arising from the automobile incident. This release being much broader in scope than the action against these two defendants, it cannot be said that the acceptance conformed to the terms of the offer. The purported acceptance must be viewed as a counter-offer which was refused. "In order for an answer to an offer to amount to an acceptance so as to result in a contract it must be unconditional and identical with the terms of the offer. *Anderson v. Mangham,* 32 Ga. App. [152], 156 [123 SE 159]; *Monk v. McDaniel,* 116 Ga. 108 [42 SE 360]." *Gettier-Montanye, Inc. v. Davidson Granite Co.,* 75 Ga. App. 377, 385 (2) (43 SE2d 716). For plaintiff to have signed such a release she would have been foreclosed from pursuing any action against the defendant Ferguson. See *Donaldson v. Carmichael,* 102 Ga. 40 (29 SE 135). Compare *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915).

There being no contract for the compromise and settlement of the issues raised in this case, the court erred in granting summary judgment.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MARCH 1, 1977 — DECIDED APRIL 15, 1977 — REHEARING DENIED MAY 16, 1977 — 

*L. B. Kent,* for appellant.
*Erwin, Epting, Gibson & McLeod, Gary Blasingame, Denny C. Galis,* for appellees.