A11A0095. PENN et al. v. MUKTAR.

(711 SE2d 337)

ANDREWS, Judge.

As a result of a motor vehicle collision, Cedric and Tina Penn sued to collect bodily injury and property damages against Zubeida Muktar, who was insured for the claims under a liability policy written by State Farm Mutual Automobile Insurance Company. The Penns appeal from the trial court's grant of Muktar's motion to enforce an alleged negotiated settlement, and from the denial of their motion for partial summary judgment asserting there was no settlement. Because we find that the parties did not reach a meeting of the

minds regarding the scope of settlement, we reverse.

The Penns' attorney wrote State Farm a letter offering to settle only the bodily injury claims against State Farm's insureds (Muktar and her husband[1]) in return for payment of the policy limits on the bodily injury claims. In addition to requesting verification of the policy limits for the bodily injury claims, the settlement offer also informed State Farm that the Penns had uninsured motorist coverage with another insurer, "[t]herefore we need a release of my clients' bodily injury claims against only your insureds that preserves their rights to recover uninsured motorist benefits." This plainly offered to settle the bodily injury claims covered by the insureds' State Farm policy on condition that the Penns' written release was limited to the bodily injury claims and preserved the Penns' rights to pursue a claim for uninsured motorist benefits under any other insurance policy. The settlement offer further stated that, "If you get me all of the requested insurance information with that release and a draft for the available bodily injury liability insurance within twenty days of this letter, then my clients will sign the release."

Within 20 days of the settlement offer, State Farm responded with a letter purporting to accept the settlement offer, and enclosing verification of the bodily injury coverage limit of $50,000, along with a draft from State Farm to the Penns in the amount of $50,000 and a "proposed" release. The letter stated that the $50,000 draft should be held in trust pending execution and return of the release. The release stated that it released State Farm's insureds (Muktar and her husband) and State Farm[2] from "any and all claims . . . of any kind or nature . . ." including "all claims, known and unknown, both to person and property" resulting from the motor vehicle collision. The Penns refused to sign the release and returned the $50,000 draft to State Farm.

On this record, the parties failed to reach a meeting of the minds regarding settlement because, in response to the Penns' offer to settle their bodily injury claims for the bodily injury policy limits, State Farm tendered the $50,000 bodily injury policy limits along with the letter and the proposed release that, in effect, asserted a counteroffer of the $50,000 bodily injury limit to settle and release the bodily injury claims, the property damage claims, and any other

---

[1] Muktar's husband was the named insured on the State Farm policy.

[2] Because the Penns' offer to settle bodily injury claims for the State Farm policy limits specifically included an offer to release the insureds from those claims, it necessarily implied an offer to release State Farm from its contractual responsibility under the policy to provide coverage for those claims. See *Herring v. Dunning*, 213 Ga. App. 695, 698 (446 SE2d 199) (1994).

claims resulting from the collision. *Johnson v. Martin*, 142 Ga. App. 311 (235 SE2d 728) (1977). Because the Penns rejected the counter-offer, there was no settlement.

*Judgment reversed. Phipps, P. J., and Doyle, J., concur.*

DECIDED MAY 18, 2011 —
RECONSIDERATION DENIED JUNE 10, 2011 — ▮▮▮

*Swope & Rodante, Darrell W. Hinson*, for appellants.
*Harper, Waldon & Craig, Jonathan M. Adelman, Charis L. Johnson*, for appellee.
*J. Holder Smith, William D. Strickland*, amici curiae.