### A11A1042. SMITH v. HALL.
#### (714 SE2d 742)

McFADDEN, Judge.

William Dalton Smith, Jr., appeals the trial court's order enforcing a settlement agreement with Roxanne Hall, the defendant in Smith's personal injury action. Smith argues that there was no meeting of the minds because in response to his offer to settle, Hall submitted a counteroffer, not an acceptance. We find that Hall's response was an acceptance of Smith's offer to settle, and therefore affirm the trial court.

On July 7, 2010, Smith's attorney sent a letter to Hall's attorney submitting a demand for settlement in the amount of $25,000, the limits of Hall's insurance policy. The letter provided that

> [t]his settlement demand is based upon representations that the limits of liability/bodily injury coverage available to [Hall] [are] 24,000/50,000/25,000 and based upon representations that there is no other available insurance to address the allegations of this action. If it is later determined that this is incorrect, this settlement offer will be void.

The letter stated that the offer terminated at 4:00 p.m. on July 14,

2010, and provided that "[a]ny deviation or delay in this acceptance will be considered an automatic rejection of this demand." Smith's counsel extended the deadline for Hall to respond, and Hall's counsel wrote two letters seeking clarification of whether the offer to settle included a release of the claims against Hall and her insurer. Smith did not respond in writing. Nonetheless, by the extended deadline, Hall's counsel wrote to Smith's counsel that "[w]e hereby accept your demand for settlement. . . ." Hall's counsel included a check for $25,000 with the letter. The attorney also included three documents for Smith's or his attorney's signature: a release and indemnity agreement; an affidavit of no liens; and an attorney's certificate of no liens. The letter explained that

> [i]t is our understanding that there are no other parties or available insurance policies from which your client could collect any potential judgment for his damages. In light of this fact, the release in this matter is general as it relates to our client and [her insurer]. If there is other insurance available, that we are not aware of, we could discuss the terms of a release and consider a Limited Liability Release which would permit Mr. Smith to pursue his claims to the extent there is *other* insurance available. Otherwise we will assume that the release is acceptable and that you and your client will execute all of the settlement documents prior to negotiating the settlement check.

(Emphasis in original.) About a week later, Smith's counsel returned the check and documents to Hall's counsel on the ground that they were not an acceptance of the July 7 demand but instead were a rejection and counteroffer.

Hall filed a motion to enforce the settlement agreement. The trial court granted the motion, ordering Smith to accept $25,000 from Hall or her insurer, to execute a release of his claims against Hall and her insurer, and to dismiss the lawsuit with prejudice. Smith appeals.

The facts are not in dispute, and our review is de novo. *Jones v. Frickey*, 274 Ga. App. 398, 400 (618 SE2d 29) (2005), aff'd, *Frickey v. Jones*, 280 Ga. 573 (630 SE2d 374) (2006).

Smith argues that Hall did not accept the offer to settle because her purported acceptance included a release that sought to release parties other than Hall, and thus attempted to broaden the scope of the method necessary to terminate the lawsuit. Hall counters that her letter constituted an acceptance, and the proposed settlement documents were not a mandatory element. Smith relies on *Johnson v. Martin*, 142 Ga. App. 311 (235 SE2d 728) (1977), while Hall relies

on *Herring v. Dunning*, 213 Ga. App. 695 (446 SE2d 199) (1994). Both cases involved series of letters between plaintiff's counsel and defense counsel. In *Johnson*, the court found no settlement while in *Herring*, the court found a settlement.

In *Johnson*, the plaintiff, Johnson, sued two defendants, Martin and Ferguson, in her personal injury action. After filing the action, Johnson's attorney wrote a letter to Martin's attorney "offering to settle this case for the limits of your policy in the total amount of $10,000." *Johnson*, supra at 311. Martin's attorney responded that he accepted the offer to settle. He enclosed with his letter a release of Johnson's claims not only against Martin but also against the other defendant, Ferguson. The attorney wrote that "[u]pon the execution and delivery to us of the enclosed dismissal and release, the enclosed draft may be presented for payment. . . ." Id. In finding no settlement, we held that, "[c]learly the intent of Martin's attorney was to qualify his acceptance of the offer by adding as a condition to the agreement the signing of the release by plaintiff." Id. And that release, which released Johnson's claims against both defendants as well as "any and all persons," would bar Johnson from pursuing her claims against Ferguson, even though her settlement proposal was made only to Martin. Therefore, we concluded, there was no contract to settle the case.

In *Herring*, on the other hand, although the attorneys' letters "contained no express promise to release or discharge the defendant upon tender of the policy limits," *Herring*, supra at 698, the court nonetheless found that "a promise to terminate the controversy or the litigation is a necessary implication to the offer to settle." Id. (Punctuation omitted.) Therefore, the fact that the correspondence did not resolve how the litigation would end — an essential provision which the court dismissed as "so clearly within the contemplation of the parties that they apparently deemed it unnecessary to state it," id. — was not fatal to the defendant's attempt to enforce a settlement. The court held that the "fact that [the defendant's] acceptance of [the plaintiff's] offer to settle suggested one form of terminating the controversy over another [did] not render such acceptance a counteroffer which reject[ed] the plaintiff's offer," but instead was "a valid acceptance with the suggested choice for terminating the controversy being merely precatory," id. at 699, "meaning a recommendation, not a condition." *Frickey*, supra at 575. We ruled that from the moment the acceptance was mailed, a contract had been formed, and that although the presentation of a proper release in a form acceptable to the plaintiff might have been a condition of performance, it was not an act necessary to acceptance of the offer to settle for the policy limits.

We find *Herring* controlling and *Johnson* distinguishable. Here,

like the attorney in *Herring*, Hall's attorney unequivocally accepted the offer to settle when he wrote "[w]e hereby accept your demand for settlement. . . ." His inclusion of a general release was merely a suggestion of how to terminate the lawsuit, as indicated by his writing that, "[i]f there is other insurance available, that we are not aware of, we could discuss the terms of a release and consider a Limited Liability Release which would permit Mr. Smith to pursue his claims to the extent there is *other* insurance available." "[T]he presentation of a proper release in a form acceptable to plaintiff may have been a condition of defendant's performance but it was not an act necessary to acceptance of plaintiff's offer to settle for the policy limits." (Punctuation omitted.) *Moreno v. Strickland*, 255 Ga. App. 850, 853-854 (1) (567 SE2d 90) (2002).

Unlike the attorney in *Johnson*, Hall did not qualify her acceptance of the offer on Smith's release of claims against named defendants besides herself; here, there was only one named defendant, Hall, and she was willing to discuss the terms of a release so that Smith could pursue his claims to the extent there was other insurance.

For these reasons, we conclude that the trial court did not err in granting Hall's motion to enforce the settlement.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 21, 2011 —

*Kenneth E. Futch, Jr., Becky C. Wilcox, for appellant.*
*Coleman Talley, George T. Talley, Eric A. Collins, for appellee.*