**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 21, 2020**

# In the Court of Appeals of Georgia

A20A1270. PRITCHARD v. MENDOZA.

MILLER, Presiding Judge.

In this personal injury action, Juanita Gail Pritchard appeals from the trial court's order granting Marite Mendoza's motion to enforce a settlement. On appeal, Pritchard argues that the trial court committed reversible error because Mendoza could not prove that Progressive Mountain Insurance Company completed the acts necessary for acceptance of Pritchard's offer and because Progressive's purported acceptance of the offer was not identical, unequivocal, and without variance of any sort when compared to the offer. We agree that the parties did not reach a binding settlement agreement, and we therefore reverse.

> We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary judgment, in order to

succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the Appellant's case. Thus, we view the evidence in a light most favorable to the nonmoving party.

(Citation omitted.) *Duenas v. Cook*, 347 Ga. App. 436, 436-437 (818 SE2d 629) (2018).

So viewed, in November 2016, Mendoza allegedly made an improper left turn and collided with Pritchard. Progressive Mountain Insurance Company was Mendoza's liability insurance carrier. On November 20, 2018, Pritchard's attorney sent Progressive a time-limited settlement offer in accordance with OCGA § 9-11-67.1. The offer of compromise provided in part:

The material terms of this written offer of compromise to Progressive made pursuant to OCGA § 9-11-67.1 (a) are as follows:

1. The time period within which the material terms pursuant to OCGA § 9-11-67.1 (a) must be accepted is thirty-five (35) days from your receipt of this offer;

2. The amount of monetary payment is Progressive's liability policy limit of $25,000.00 . . . ;

3. The party that Ms. Pritchard will release is Ms. Mendoza;

4. The type of release that Ms. Pritchard will provide to Ms. Mendoza is a General Release that releases "all personal and bodily injury claims only," . . . ;

5. The claims to be released by Ms. Pritchard pursuant to a General Release are "all personal and bodily injury claims only,". . . .

Pursuant to OCGA § 9-11-67.1 (b), acceptance of the material terms made pursuant to OCGA § 9-11-67.1 (a) is to be made by providing written acceptance of the material terms outlined immediately above pursuant to OCGA § 9-11-67.1 (a) in their entirety. The offer provided, however, that the written acceptance of the material terms enumerated above was not sufficient to form a binding settlement contract. The offer further stated, "the following ACTS are material to acceptance and must be completed to form a binding settlement contract, and completion of each and every one of the following ACTS without variance of any sort is required as a material term of this written offer of compromise in addition to the material terms." It continued as follows:

Since Progressive will require Ms. Pritchard to sign a release of its insured, that release must fully comply with each and every term and condition of this offer (including the footnotes in this letter) . . . . In order to accept this offer of compromise, Progressive must perform the ACT of delivering a release that fully complies with each and every requirement of this offer. If Progressive does not perform the ACT of

delivering a release that fully complies with each and every requirement of this offer, this offer has not been accepted. . . . If Progressive delivers a release that does not comply with each and every requirement of this offer of compromise, it will be a rejection of this offer, and it will constitute a counteroffer. This firm will not revise or re-write the release sent by Progressive in order to make it comply with this offer. This firm will not strike through non-complying terms, conditions, or representations contained in the release in order to make a non-complying release comply with the terms and conditions of this offer. . . . It takes work to draft and/or revise a release. Neither Ms. Pritchard nor this firm is willing to provide the work necessary to draft or revise a noncomplying release. Progressive has a vast number of lawyers available to it.

A footnote in the offer stated that Pritchard

will not agree to any specific venue provisions, jurisdiction provisions, arbitration provisions, choice of law provisions, or any alteration of the standard six-year period of limitations of actions for written contracts. Any request for any specific venue provisions, jurisdiction provisions, arbitration provisions, choice of law provisions, or any alteration of the standard six-year period of limitations of actions for written contracts or the inclusion of these provisions or alterations, directly or indirectly, in the release you send to us will be a counteroffer and rejection of this offer of compromise. The offer continued as follows:

This offer of compromise represents a significant concession by Ms. Pritchard with regard to the value of this case. This offer of compromise

4

is not sufficient to provide full and complete compensation to Ms. Pritchard; the amount is not sufficient consideration to compensate Ms. Pritchard; and this offer of compromise does not represent a satisfaction of Ms. Pritchard's claims. Accordingly, Progressive may not include any language or even request to include any language in the release indicating in any way that its payment of policy limits provides full compensation, complete compensation, sufficient consideration, sufficient compensation, satisfaction, accord and satisfaction, and/or any other terms that indicate that Ms. Pritchard's claim has been satisfied and/or that the consideration is sufficient for any purpose and/or that Ms. Pritchard has been completely compensated as a result of the payment of policy limits by Progressive. . . . In other words, if this offer of compromise is accepted through the completion of the acts stated herein, Ms. Pritchard will sign a release acknowledging receipt of the consideration but not the sufficiency of the consideration. . . . If Progressive includes or even requests to include language in the release indicating in any way that its payment of policy limits equates to full and complete compensation and/or sufficiency of consideration and/or satisfaction of Ms. Pritchard's claim, it will constitute a counteroffer. . . .

In a letter to Pritchard's attorney dated December 12, 2018, Progressive responded that it agreed to all the terms and conditions of the offer. Progressive attached a check for $25,000 and Mendoza's affidavit indicating that she had no other

insurance policy at the time of the collision under which coverage could be provided. Progressive also attached a document titled "Georgia General Release - All Personal and Bodily Injury Claims Only." The release stated that, for the "sole consideration" of $25,000, "the receipt and sufficiency of which is hereby acknowledged," Pritchard "does hereby remise and forever discharge, Marite Mendoza . . . of and from any and all personal and bodily injury claims arising from, by reason of, or resulting, from a certain accident which happened on or about November 28, 2016." The release also stated, "[t]he Undersigned acknowledges and represents that it is agreed that this General Release and all its terms and provisions are to be construed in accordance with the Law of the State of Georgia."

In a letter dated January 10, 2019, Pritchard's counsel informed Progressive that it failed to deliver a release that complied with all the terms and conditions of the offer of compromise, that Progressive had issued a counteroffer, and that Pritchard was declining the counteroffer and returning the check. In a follow-up e-mail, Pritchard's attorney explained that Pritchard would not agree to any choice of law provisions because she was confined to a rehabilitation facility in Mississippi and did not wish to be subjected to the law of any particular state in the event of a contract dispute. He added that the release had improperly included language that the $25,000

6

was consideration "sufficient" for any purpose and that there were additional terms that had failed to mirror the offer of compromise.

Pritchard filed the instant lawsuit, asserting that Mendoza was negligent in causing the November 2016 traffic accident. Mendoza filed a motion to enforce settlement, arguing that a binding settlement agreement was reached between both parties with regard to the settlement of Pritchard's claims. In Pritchard's response, she contended that no binding settlement agreement had been reached because Progressive's release contained prohibited language regarding the "sufficiency" of the dollar amount and a choice of law provision, rendering it a counteroffer. Pritchard also argued that the release included additional terms that formed a counteroffer. After a hearing, the trial court granted Mendoza's motion in a cursory order, determining that the material terms of the officer of compromise were met and that a binding settlement was reached. The trial court also dismissed Pritchard's complaint with prejudice. This appeal followed.

In her sole enumeration of error on appeal, Pritchard argues that the trial court erred by enforcing a settlement contract when Mendoza could not prove that Progressive completed the acts necessary for acceptance of the offer and when the purported acceptance of the offer was not identical, unequivocal, and without

variance when compared to the offer. Specifically, Pritchard asserts that Progressive's release contained a sufficiency-of-consideration provision and a choice of law provision that were prohibited by her offer. We agree.

> [W]ell-established principles guide our inquiry into whether the parties entered into a settlement agreement. In order to prevent litigation, compromises of doubtful rights are upheld by general policy. At the same time, courts are certainly limited to those terms upon which the parties themselves have mutually agreed. Indeed, apart from such mutual agreement, no enforceable contract exists between the parties. And settlement agreements must meet the same requirements of formation and enforceability as other contracts. Thus, an answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. The offer must be accepted unequivocally and without variance of any sort. And if a purported acceptance of the plaintiff's settlement offer imposes any new conditions, it constitutes a counteroffer rather than an acceptance. Furthermore, the party asserting the existence of a contract has the burden of proving its existence and its terms.

(Citation omitted.) *Hansen v. Doan*, 320 Ga. App. 609, 611-612 (740 SE2d 338) (2013). "Given that under the common law an offeror is free to set the terms of his of her offer, . . . every Pre-Suit Offer must contain the five enumerated terms [in OCGA § 9-11-67 (a)], but additional terms are not prohibited." *Grange Mut. Cas. Co. v.*

*Woodard*, 300 Ga. 848, 855 (2) (B) (797 SE2d 814) (2017). Thus, "a claimant may ask the recipient of a Pre-Suit Offer to do something to accept the offer beyond stating the recipient's acceptance in writing." Id. "The offer must be accepted in the manner specified by it; and if it calls for an act, it can be accepted only by the doing of the act." (Citation and punctuation omitted.) *Partain v. Pitts*, 338 Ga. App. 298, 300 (787 SE2d 354) (2016). Therefore, "if the recipient of a Pre-Suit Offer is asked to do something more to accept, the parties do not have a meeting of the minds if the recipient does not also perform that action." *Woodard*, supra, 300 Ga. at 856 (2) (B). "A purported acceptance of an offer that varies *even one term* of the original offer is a counteroffer." (Emphasis supplied.) *Kemper v. Brown*, 325 Ga. App. 806, 808 (1) (754 SE2d 141) (2014).

Here, Pritchard unambiguously stated in her offer that, in addition to an agreement to the material terms in OCGA § 9-11-67 (a), additional acts were required to form a binding agreement, including the delivery of a particular release. Pritchard was explicit that she would not agree to any jurisdiction, venue, or choice of law provisions and that the inclusion of any such provisions in the release would render the release a counteroffer and a rejection of her offer. Similarly, Pritchard made clear that (1) she would not sign a release acknowledging the sufficiency of the

9

consideration; and (2) the inclusion of any language in the release regarding the full payment of the policy limit equating to sufficient consideration would render the release a counteroffer. Yet, Progressive tendered a release that included sufficiency-of-consideration language and a choice of law provision, which was contrary to Pritchard's offer. It also bears emphasizing that the offer explained that Pritchard would neither revise the release nor strike any non-complying terms. Compare *Hansen*, supra, 320 Ga. App. at 614 (1) (binding settlement agreement formed where plaintiff's offer requested the exclusion of indemnification language from the release and Liberty Mutual tendered the policy limits and delivered a draft release "with the clear understanding that [the plaintiff's] attorney could tailor the release to fit his demand"). When viewed in the light most favorable to Pritchard as the non-moving party, the release in this case was not "identical with the terms of the offer," nor was it unvarying from the precise terms of the offer. Id. at 612. Therefore, Progressive did not perform an act that was required for acceptance of Pritchard's offer, and the parties did not reach a binding settlement agreement. *Yim v. Carr*, 349 Ga. App. 892, 908 (2) (827 SE2d 685) (2019) ("[W]here, as here, the offer specifies a particular

release that is necessary for effectuating the settlement, there is no acceptance if the responding party does not accept that release.").[1]

Accordingly, we reverse the trial court's grant of the motion to enforce settlement.

*Judgment reversed. Mercier and Coomer, JJ., concur.*

---

[1] Given our conclusion, we do not address Pritchard's additional arguments regarding why the grant of the motion was error.